## STATE ex MERION, Plaintiff-Appellant v. VAN SICKLE et, Defendants-Appellees.

Ohio Appeals, Second District, Franklin County.

No. 3731. Decided September 12, 1944.

Thomas J. Herbert, Atty. Gen., Columbus, D. V. Van Buren, Asst. Atty. Gen., Columbus, Homer Trantham, Special Counsel, Columbus, for plaintiff-appellant.

H. W. Bradshaw, Columbus, Fitzgibbon, Black & Fitzgibbon, Newark, Henderson, Quail, McGraw & Barkley, Cleveland, Hoskinson & Donaldson, Columbus, H. B. Arnold, Jr., Columbus, Fred Rosemond, Columbus, Ludwig & Busick, John W. Porter, Charles T. Warner, Columbus, Carl Valentine, Columbus, Joseph Donovan, Columbus, Eagleson & Laylin, Columbus, Wilbur G. Schwer, Sandusky, R. J. Reynolds, Columbus, Cowan,

Adams & Adams, Columbus and Huggins & Liggett, Columbus, for defendants-appellees.

## OPINION

BY THE COURT:

We doubt if we can add anything of worth to our original opinion wherein we attempted to set forth fully our views on the question presented. We will, however, briefly epitomize our conclusions upon all of the grounds of the application for rehearing.

"1. Under the case of **State, ex rel. Curran, Appellee v Brookes, Jr., et al., Appellants, 142 Oh St 107,** and revised syllabus 5 thereof, appeal rights date from a **journalized entry only** and, therefore, the bill of exceptions in the instant case was filed in time.

"2. Revised syllabus 5 of Curran v Brookes, modifies and overrules **In re Lowry, 140 Oh St 223,** but even if the Lowry case is deemed to be still the law, it is no authority for the proposition that where a second motion **is in fact filed** it is to be considered as vain, superfluous and ineffectual."

There was no journal entry in the Lowry case and the amended syllabus in Curran v Brookes follows the Lowry case. We have discussed this aspect of the question in the original opinion at pages 4, 5 and 6 thereof.

"3. The Ohio Supreme Court in **80 Oh St, 746,** in affirming **The Independent Coal Co. v Quirk and Waltham, etc.,** 16 O. C. C. N. S. 546, 26 C. D. 471, definitely held that where a second motion for a new trial has been filed, the time for filing a bill of exceptions dates from the overruling of the second motion."

The question presented in the cited case is not the same as that which is here under consideration. There the motion for new trial after the overruling of which judgment was entered was a second motion based upon a different ground and one not known at the time of the filing of the first mo-

tion. The Court directs attention to the fact that the party seeking the new trial had been unavoidably prevented from filing the motion within the time prescribed by the statute.

"4. The holding of this court in striking the bill of exceptions is contrary to its holding in **Brenholts v Brenholts, 19 Abs 309.**"

On the contrary, the second headnote of the cited case is support for our action on the instant motions. True, in Judge Barnes' opinion we discussed the general effect of the filing of a written opinion of the Court as the basis of a motion for new trial and concluded that it was not of similar import as the verdict of a jury and was not the basis for a motion for new trial. But this case was decided before the Lowry case.

"5. A court, by hearing and denying an application for a new trial prior to the rendition of final judgment, does not thereby exhaust its jurisdiction to hear a second motion."

This is a sound proposition of law but has no application here for two reasons: first, if the Lowry case controls, the motion was not filed within time; and second, it is not claimed that the appellant was unavoidably prevented from filing a motion for new trial within the time prescribed by the statute.

The 6th, 7th and 8th grounds are general and are sufficiently met by our observations here and in the original opinion.

"9. The trial court in taking cognizance of and passing upon a second motion, filed subsequently to the overruling of a former premature motion, cured any irregularity or defects of the second motion, if any irregularity or defects there were."

If the second motion was not filed within the statutory time no action of the Court in passing upon it would correct the infirmity.

"10. The brief of plaintiff-appellant is in and the issues are narrowed so much by decision of the court prior to and at the time of trial that the hearing of this appeal will not be an undue burden upon this court nor consume an unreasonable amount of time, despite the voluminous record."

If the errors assigned may be exemplified without the bill of exceptions then, of course, the ruling of this Court upon the motion will not preclude its action upon the appeal.

"11. This court in originally considering the motions to strike apparently failed to consider the late cases of **Steinle, Appellant, v. City of Cincinnati, 142 Oh St 550, Krasny, Appellant v. Met. Life Ins. Co., Appellee, 143 Oh St 284, and Brown, Admr., Appellee, v. L. A. Wells Construction Co., Appellant, 143 Oh St 580.**"

We have not heretofore discussed the cited cases. Syllabus 1 in Steinle v City of Cincinnati, supra, restates the laws announced in the 5th syllabus of State, ex rel. Curran v. Brookes, Jr., et al., and provides:

"In an action at law submitted to the court without a jury, the filing of a motion for a new trial is within time when done within three days after the court has filed for journalization a finding which disposes of all the controlling issues in the case."

In this case there was a memorandum opinion but it did not purport to determine all the issues presented and it was not filed by the court for journalization but by counsel for the plaintiff without any order of the court so to do. Thereafter, a finding entry was spread on the record together with the judgment and the motion for new trial directed to this order was held to be the proper motion upon which to predicate notice of appeal and that the time for filing a bill of exceptions began with the overruling of the motion for new trial as carried in the journal entry. The court cites in support of its action In Re Estate of Lowry and State, ex rel. Curran v Brookes, Jr.

Krasny v Metropolitan Life Ins. Co., supra, presents no difficulty upon the facts adjudicated which were:

"1. A judge's trial docket is not a part of the record of the court and a notation thereon by the trial court as to its decision or judgment does not constitute 'a decision' within the purview of §11564 GC.

"2. A bill of exceptions, filed more than 40 days after the date of a notation of the decision or judgment of a trial court

on its trial docket or calendar, but within 40 days after an entry embodying such decision or judgment is filed with the clerk for journalization, is filed within 40 days after the 'decision' of the court, as required by §11564 GC."

Brown v Wells Construction Company does not present the question under consideration here.

There is considerable language employed in the opinions in Steinle v City of Cincinnati and Krasny v Metropolitan Life Ins. Co. which is troublesome and disconcerting and considered without respect to the facts upon which the adjudications were pronounced and the facts in the Lowry case, would indicate that the court had receded from its position in the first and second syllabi of the Lowry case. For instance, all of the cited opinions stress the principle that a court speaks only through its journal and Judge Hart at page 289 of the Krasny case says:

"A court speaks only through its journal and no finding, decision or judgment is rendered until an **entry** is duly prepared and filed with the clerk for journalization." (Emphasis ours.)

**State, ex rel. Ind. Com. v Day, Judge, 136 Oh St 477, 26 N. E. (2d) 1014**; In re Estate of Lowry, supra.

If this language had been carried into the syllabus of this case, we would hold, without hesitation, that it modified the law, as pronounced in the Lowry case, because of the fact that it employs the word "entry". State, ex rel. Ind. Com. v. Day, Judge, supra, does support the quoted language but we are unable to conclude that it is supported by the pronouncement in In Re Estate of Lowry in view of the facts in that case with which we are so familiar.

It is our obligation to reconcile, if possible, the law as pronounced by the Supreme Court and to follow those pronouncements. As we have heretofore said, every adjudication that this Court has made on the subject prior to the Lowry case is, as we interpret that case, contrary thereto. The Court there said that the written decision of the trial judge which was filed in the case, as such, constituted a finding of the court, the equivalent of the verdict of a jury and was the rendering of a "decision" on the issues presented and afforded a basis for a

motion for new trial under the statute. To harmonize this holding with the subsequent cases on the subject, it becomes necessary to say that when a court files a written opinion in a case which opinion decides the issues presented, it is this act which is a filing of a finding with the clerk for journalization. We again advert to the fact that in the Lowry case there was no finding except as the written opinion of the court may be said to be a finding. The only filing for journalization was the act of the trial judge in depositing his written opinion with the Clerk of Courts. The motion for new trial which the Supreme Court held was duly filed was directed to the written decision of the Court and not to any entry journalizing such decision.

The Supreme Court in all cases since the Lowry case indicate a definite purpose to follow the pronouncement there made by citing it and by carrying it into the fifth syllabus of Curran v Brookes, Jr. It is our obligation to follow it, if we can do so, in the light of the later opinions on the subject.

"12. This court in striking the bill of exceptions failed to liberally construe remedial statutes and proceedings thereunder as required by §10214 GC and thereby thwarted the object of the statutes and prevented the parties from obtaining justice."

The adjudications of this court in **Brenholts v. Brenholts, 19 Abs 309, In re Estate of Lowry, 66 Oh Ap, 437,** were made to accomplish a liberal construction of the appellate code in favor of the party desiring to complete his appeal, and may have gone too far. The Supreme Court has not passed upon the correctness of these holdings although the question was presented in In re Estate of Lowry. To sustain the position of the appellant in this case we would be required to reverse Brenholts v Brenholts, and In re Estate of Lowry, as decided in this Court, and in our judgment to go contrary to the adjudication of the Supreme Court in the latter case. If the Supreme Court has changed its viewpoint in the Lowry case, it, and not we, should say so.

The application for rehearing will be denied.

HORNBECK and GEIGER, JJ., concur.
BARNES, P. J., not participating.