## YOUGHIOGHENY & OHIO COAL COMPANY, Plaintiff-Appellee, v. INDUSTRIAL COMMISSION et. Defendants-Appellants.

Ohio Appeals, Second District, Franklin County.

Nos. 3831 & 3833. Decided September 10, 1945.

Hon. Hugh S. Jenkins, Atty. Genl., Columbus, C. G. L. Yearick, Asst. Atty. Genl., Columbus, and Albertus B. Conn, Asst. Atty. Genl., Columbus, for defendant-appellant, The Industrial Commission of Ohio.

John M. Collins, Columbus, for defendant-appellant, Graziano Zanolla.

Hale & Kincaid, Columbus, for plaintiff-appellee.

## OPINION

BY THE COURT:

Identical motions are filed by plaintiff-appellee for an order dismissing the appeals for want of jurisdiction of the subject matter; also, a supplemental motion to strike bill of exceptions and brief of defendant Commission from the files. The procedural steps and their chronology are as follows:

The action instituted by plaintiff was for a declaratory judgment interpreting §1465-86 GC, a ten year statute of limitations, and to give it application to the facts appearing. On January 8, 1944, the trial judge after hearing rendered a written decision, filed it with the Clerk of the Common Pleas Court, and copies of same were mailed to counsel. The decision set out the conclusion of the trial judge of the interpretation of the section of the Code involved and held that it had the effect of precluding the Commission from making any award to the plaintiff. The decision concluded by a finding and the notation "judgment accordingly".

On January 10, 1944, the Industrial Commission filed its motion for a new trial and on January 11, 1944, Zanolla filed his motion for a new trial.

On April 4, 1945, the Trial Judge, in a written decision, overruled the motions for new trial which decision was filed with the Clerk of Courts and copies of same sent to counsel. On April 21, 1945, a judgment entry was filed in the cause in which it is recited:

"**Evidence having been introduced** and the cause submitted for decision. The Court having heretofore made and caused to be filed in this Court and cause its written findings of fact and conclusions of law, and this cause now coming on for hearing on the motion of defendants for new trial, the Court being fully advised in the premises overrules the same.

"Now, therefore, by reason of the conclusions of law and findings of facts aforesaid, and the overruling of defendant's motion for a new trial, it is ordered, adjudged, decreed, determined and declared, that §1465-86 GC deprives The Industrial Commission of Ohio of jurisdiction in this cause that said Commission has no legal authority to proceed in the taking of testimony of witnesses for a rehearing record, as set forth under its order of May 2, 1942."

There is a further judgment for the plaintiff for its costs against the defendants.

On May 3, 1945, defendant, Zanolla, filed his notice of appeal as upon questions of law and fact "from a judgment rendered by the Court of Common Pleas in the above entitled cause on the 4th day of April, 1945".

On May 10, 1945, defendant Commission filed its notice on questions of law "from a judgment rendered by the Court of Common Pleas in the above-entitled cause on the 21st day of April, 1945".

It is the claim of the plaintiff that the judgment which gives rise to the right to file a notice of appeal, and from the date of which the time within which the right to file the notice of appeal begins, is the written decision of January 8, 1944; that there being no dispute of facts, no motion for a new trial was proper or duly filed under §12223-7 GC; that in any view of the procedings the notice of defendant Zanolla is not within the statutory period because it recites that the appeal is from a judgment rendered, of date April 4, 1945, and that the notice is not within time, even if there was a judgment entered of date April 4, 1945.

Without discussing all of the questions presented and considered in the briefs, we hold that the motion to dismiss the appeal of defendant Zanolla should be overruled upon condition hereinafter stated.

In **Mosey v Hiestand, 138 Oh St 249,** each notice of appeal was directed to a final order. One notice of appeal recited the final order appealed from as of February 9, 1940. The judgment was entered January 3, 1940. Notwithstanding the fact that the notice was directed specifically to the order of February 9th, the overruling of the motion for new trial, and not to the judgment, the Supreme Court held that permission should be granted to amend the notice by correcting it to show the true date of the rendition of the judgment. So, here, the notice of appeal is filed within time after the judgment and after the overruling of the motion for new trial. **Re Estate of Wuichet, 66 Oh Ap 429.** If desired, Zanolla may amend his notice of appeal accordingly and if done, the motion will be overruled. If the amendment is not made, then the motion will be sustained.

The motion to dismiss the appeal of the Industrial Commission must be overruled because the premise of appellee that the judgment in the case was entered on January 8, 1944, is incorrect and because the only judgment entered in the cause is that of April 21, 1945, and the motion for new trial is overruled as of the same date and the notice of appeal is filed within twenty days thereafter. Re Estate of Wuichet, supra.

Appellee does not give full force and effect to the judgment entry of date April 21, 1945, in treating it as a judgment for costs only. It is the declaratory judgment from which the appeal is properly prosecuted. This entry also recites that the cause was determined upon the hearing of evidence and that there were separate findings of fact and law. There also is filed in the case a bill of exceptions. Motions for new trial in both cases were therefore proper and were duly filed because filed within time. In Re Estate of Lowry, 140 Oh St 223; State, ex rel. Merion, Supt. v Van Sickle, 59 N. E. (2d), 383, 42 Abs., 33-39; Anderson v Local Union, 29 Abs. 364.

It follows from what we have said that the motion to strike the bill of exceptions, etc., will also be overruled.

HORNBECK, P. J., GEIGER and MILLER, JJ., concur.