## Holm v. Smilowitz
*[Cite as 5 AOA 59]*

Case No. CA 1428
*Athens County, (4th)*
*Decided July 25, 1990*

*Susan L. Gwinn, Gwinn & Wallace, Athens, Ohio, Counsel for Appellant.*

*Thomas E. Eslocker, Eslocker, Grim, Hodson & Dioguardi, Athens, Ohio, Counsel for Appellee.*

STEPHENSON, J.

This is an appeal from a judgment entered by the Athens County Court of Common Pleas granting a divorce to both Margaret Holm, plaintiff below and appellant herein, and to Michael Smilowitz, defendant below and appellee herein. Appellant assigns the following error:
"THE TRIAL COURT ERRED IN AWARDING THE TAX EXEMPTION FOR THE PARTIES' MINOR CHILD TO THE NONCUSTODIAL PARENT ON ALTERNATING YEARS."

The facts pertinent to this appeal are as follows. The parties were married on March 4, 1984, and on March 9, 1988, a daughter, Margaret Jene Holm Smilowitz, was born as issue of the marriage. Appellant filed her complaint for divorce below on August 18, 1988, seeking, among other things, custody of her daughter. On September 26, 1988, appellee filed an answer, denying all material allegations, and a counter-claim for divorce which included, *inter alia,* a request for custody of the child. Appellant was granted temporary custody while the proceedings were pending.

On February 10, 1989, a hearing was held before a referee and, on March 20, 1989, said referee filed her report. Among other things, the report recommended that custody of the child be awarded to appellant and that appellee pay $100.00 per week, plus poundage, as child support.[1]

On April 7, 1989, appellee filed his objections to the report. In addition to arguing that the referee erred in making her recommendations, appellee also attached an affidavit stating, in part, that subsequent to the hearing he had been informed that he would not be granted tenure as a professor at Ohio University and, thus, he had found alternate employment in North Carolina where he would soon be relocating.

On July 27, 1989, the court entered a judgment which, with regard to child custody and support, adopted the referee's report. The court also made the following order with respect to the dependency exemption:

"Federal, state, and local dependency tax exemptions shall be assigned to plaintiff for 1989 and 1990 with the parties alternating thereafter. Defendant shall have the exemptions in 1991, plaintiff in 1992, etc."

Although the court referred to this judgment as a "Final Judgment Entry (Decree of Divorce)," a future hearing was nevertheless scheduled in order to determine whether appellee's change of residence would have any effect on the support and visitation issues. The judgment also provided that if the parties agreed, the hearing could be dispensed with.

Appellant filed her notice of appeal on August 15, 1989. After additional hearings, the referee issued a second report. On March 20, 1990, the trial court entered a second judgment

ordering that child support be fixed at $85.00 per week, plus poundage, and further ordered a slight modification to appellee's visitation with his daughter. No changes were made to the allocation of the dependency exemption. The second judgment concluded by holding that the "prior [j]udgment [e]ntry on July 27, 1989, ... is reaffirmed and ORDERED as though entirely rewritten hereunder." [2]

The question presented herein is what criteria are to be applied by trial courts in deciding whether to award the dependency exemption to noncustodial parents in a divorce action.[3] In answering this question, we must attempt to resolve an apparent conflict in decisions rendered by the Ohio Supreme Court. In *Hughes v. Hughes* (1988), 35 Ohio St. 3d 165 at paragraph one of the syllabus, the court held as follows:

*"As part of the division of marital property* in a divorce proceeding, a domestic relations court may award the dependency exemption permitted in Section 151, Title 26, U.S. Code, to the noncustodial parent. Such an order does not conflict with Section 152, Title 26, U.S. Code, nor with the Sixteenth Amendment to the United States Constitution." (emphasis added.)

However, appellant contends that before the dependency exemption can be awarded to noncustodial parents under *Hughes,* the court first "must show on the record that it furthers the interest of the child." Support for this argument is provided by *Bobo v. Jewell* (1988), 38 Ohio St. 3d 330, 332, wherein the Supreme Court stated as follows:

"if a trial court exercises the authority to allocate a child dependency deduction to the noncustodial parent, *the record must show that the interest of the child has been furthered."* (emphasis added.)[4]

Thus appears the conflict. Under the syllabus in *Hughes,* the dependency exemption is treated as a marital asset and, accordingly, its award to either party would be viewed in the same context as any other division of marital property. The division of marital property is part of Ohio's two tier alimony structure, *Kunkle v. Kunkle* (1990), 51 Ohio St. 3d 64, 67; *Kaechele v. Kaechele* (1988), 35 Ohio St. 3d 93, 95, the adjudication of which is guided by those factors set forth in R.C. 3105.18.[5] *See Cherry v. Cherry* (1981), 66 Ohio St. 2d 348 at paragraph one of the syllabus. It is noteworthy that R.C. 3105.18 does not consider the best interests of a child in setting property division alimony. Further, we are not aware of any reported decisions which have

considered a child's interest in this regard nor has appellant cited us to any.

Conversely, the decision in *Bobo* states that the record must show the interests of the child to have been furthered when the dependency exemption is awarded to a noncustodial parent. Thus, the tax exemption is viewed, not in the context of marital property, but rather as an incident to child support. *See* R.C. 3105.21(A) ("Upon satisfactory proof of the causes in the complaint for divorce, ... the court ... shall make an order for the disposition, care, and maintenance of children . . as is in their best interests...")

Therefore, the dispositive issue herein is whether the dependency exemption is awarded in the context of a marital asset, under *Hughes,* or as an incident to child support, under *Bobo.* In resolving this issue we turn to several unreported cases which, though never reaching this particular issue, have resolved tangentially related questions.

In *Gunkel v. Gunkel* (May 19, 1989), Lucas App. No. L-88-187, unreported the Lucas County Court of Appeals considered whether the award of the dependency exemption to one parent, in the original dissolution order, could be subsequently modified and granted to the other parent. The court, citing to *Lamberjack v. Lamberjack* (Sept. 19, 1988), Seneca App. No. 13-86-29, unreported, held in the negative. First the court cited *Hughes, supra,* for the proposition that the award of the tax exemption to a noncustodial parent was part of the division of marital property, and then it noted that the trial court retained no continuing jurisdiction to modify such an order. *See Anderson v. Anderson* (1984), 13 Ohio App. 3d 194, 196. Although the court never attempted to reconcile this position with *Bobo, supra,* it nevertheless analyzed the dependency exemption, consistent with the *Hughes* syllabus, in the context of a division of marital property.

A similar position was taken by this court in *Mettler v. Mettler* (Dec. 7, 1988), Ross App. No. 1507, unreported, wherein we stated as follows:

"It is axiomatic that a trial court in a divorce proceeding does not have continuing jurisdiction to modify an award in the nature of a property settlement. *Bean v. Bean* (1983), 14 Ohio App. 3d 358. By its language in the *Hughes* case, *supra,* the Supreme Court *clearly determined that an award of a dependency exemption was apart of a division of property* in a divorce proceeding.

"Thus, pursuant to *Bean, supra,* a trial court may not award such an exemption in any post decree proceeding. Since there was no provision made in the divorce decree between the Mettlers concerning the dependency exemption, a trial court may not now award such an exemption." (emphasis added)

Similarly, in *Smith v. Smith* (Sept 5, 1989), Pickaway App. No. 88 CA 31, unreported, this court reaffirmed that the award of a dependency exemption is part of a division of marital property over which the trial courts do not have continuing jurisdiction to subsequently modify. Although *Gunkel, Mettler* and *Smith, supra,* did not precisely address the issue presented in the cause *sub judice,* they are instructive as post *Bobo* cases where the courts have declined to consider the dependency exemption in any context other than as part of the division of marital property.

Conversely, the Medina County Court of Appeals in *Esber v. Esber* (June 28, 1989), Medina App. No. 1759, unreported, held that a trial court retains jurisdiction over the award of the dependency exemption during the minority of the child.

In so holding, the court stated as follows:

"There is no division of property in an action for child support between parents who were never married. The Supreme Court of Ohio has said that in this situation, the trial court may properly award the dependency exemption to either parent in the best interest of the child. Therefore, *we conclude that the dependency exemption is a matter concerning the duty of support pursuant to R.C. 3109.05. and not the division of property.* See generally, Bobo, *supra,* at 332. Accordingly, the trial court retains jurisdiction over the award of this exemption during the minority of the child. n1" (emphasis added) (footnote omitted)

Thus, the court of appeals all but states that the syllabus of *Hughes* has been overruled. similarly, the court of appeals in *Helm v. Helm* (Feb. 22, 1990), Montgomery App. No. 11518, unreported, found that "pursuant to the reasoning of *Bobo* . . . the award of the dependency exemption is based primarily upon the consideration of the best interest of the child . . ." Though less draconian in its judgment, the court in *Helm* advanced an unusual argument in suggesting that a unique category of marital asset exists:

"Therefore, we hold that as marital property, the dependency exemption is *sui generis,* and unlike the typical subject of a marital property division. Just as the trial court is authorized to extend continued jurisdiction over child support and custody pursuant to R.C. 3109.05, so, too, it must be authorized to extend continued jurisdiction over the allocation of the dependency exemption in order to effectuate the best interest of the child."

In sum, the inapposite treatment given to this issue by the *Hughes* and *Bobo* decisions have led some courts to apply a "marital property" analysis while others have applied a "support" analysis. It is the obligation of this court to follow the Supreme Court's pronouncements of law and, if possible, to reconcile them. *State. ex rel. Merion v. VanSickle* (CA 2 1944), 42 Ohio Law Abs. 33, 37. Consistent with that obligation we hold that the dependency exemption awarded in a divorce proceeding to a noncustodial parent is awarded as part of the division of marital property. Accordingly, we reject appellant's argument and hold that the factors to be considered by the trial court are the same as those considered in any other division of marital property.

As discussed previously, it is the syllabus of the *Hughes* decision which states that the dependency exemption is awarded as part of the division of 1,marital property." It is well settled that the syllabus of a Supreme Court opinion states the law of Ohio. *Williamson Heater Co. v. Radich* (1934), 128 Ohio St. 124 at paragraph one of the syllabus; *Baltimore & Ohio Rd. Co. v.* Baillie (1925), 112 Ohio St. 567 at paragraph two of the syllabus; Also see *Westerville v. Kuehnert* (1988), 50 Ohio App. 3d 77, 79.[6]

In contrast, no part of the court's opinion in *Bobo,* concerning the dependency exemption, was carried into the syllabus of that case. Indeed, there is nothing in either the syllabus or the opinion to suggest that *Bobo* was intended to modify or *sub silentio* overrule that part of the *Hughes* syllabus which mandates the award of a dependency exemption to a noncustodial parent in a divorce proceeding as part of the division of marital property.

Of course, this court is without authority to overrule controlling Ohio Supreme Court precedent. *Battig v. Forshey* (1982), 7 Ohio App. 3d 72, 75. Thus, we decline to follow those courts in *Esber* and *Helm, supra,* in their conclusion that the award of the dependency exemption is, in a divorce proceeding, incidental to the duty of support. Surely if the Supreme Court had intended to modify the standard set forth in the *Hughes* syllabus, it would have done so more explicitly.

Moreover, at least one authority has taken the position that these two cases are not entirely irreconcilable. In Baldwin's, Ohio Domestic Relations Law (1989 current service) 103, Section T. 61.06(B)(2)it is explained that in *Bobo* "[t]here was no property division; thus, the award of the exemption must have been in consideration of the best interest of the child." This position has merit. In deciding *Hughes, supra*, at 167, the Supreme Court stated that it found nothing in the legislative history, surrounding the dependency exemption, which indicated that congress meant to encroach upon the broad discretion of the courts "to determine the proper mix and allocation of *marital assets and property rights* in a divorce proceeding." (emphasis added) citing *Cherry, supra*. Thus, the court grounded its position on a theory of marital property.

However, *Bobo* was not a divorce action and there was no marital property to divide. Thus, the marital property theory behind *Hughes* could not apply in that instance. The court was then forced to develop a new rationale for those situations where there was an absence of marital property. The court found its solution in R.C. 3111.13(C) which allows the court, in a parentage action, to enter an order concerning any matter in the best interest of the child. There is no indication, however, that the Supreme Court meant to abandon its "marital property" analysis in divorce proceedings. Indeed, even though there was no marital property to divide in *Bobo*, the court, nonetheless, stated the following at 332.

"In *Hughes v. Hughes* (1988), 35 Ohio St. 3d 165, 518 N.E. 2d 1213, we faced the question of whether a domestic relations court could decree an allocation of the child dependency exemption as permitted in Section 151, Title 26, U.S. Code, to the noncustodial parent, pursuant to the court's broad discretion to determine the appropriate *allocation of marital assets and property rights* in divorce proceedings. We held that Section 152(e), Title 26, U.S. Code, applicable to tax years beginning after December 31, 1984, did not encroach upon or preempt the exclusive statutory authority of state courts to equitably *divide property in divorce proceedings*. Our holding recognized that R.C. 3105.18 (which provides that a trial court may *divide property* as it deems equitable) and past case law mandate that the trial court have broad discretion in arriving at an equitable *property division* in divorce proceedings, citing *Cherry v. Cherry* (1981), 66 Ohio St. 2d 348, 20 O.O. 3d 318, 421 N.E. 2d 1293." (emphasis added.)

In sum, there is nothing in *Bobo* to suggest that the Ohio Supreme Court has abandoned the "marital asset" approach to awarding the dependency exemption to a noncustodial parent in a divorce proceeding.[7] In that a child's best interest is not a required factor to consider in awarding property division alimony, we find no error in the lower court's failure to consider this factor in awarding the dependency exemption to appellee in alternating years. Accordingly, appellant's assignment of error is overruled. Finally, we must determine whether the trial court erred in applying this standard as previously set forth herein. As aforesaid, the award of a dependency exemption to a noncustodial parent in a divorce action is made in the context of a division of marital property under those guidelines set forth in R.C. 3105.18. In awarding alimony under that statute, the trial court is afforded broad discretion and a reviewing court cannot substitute its own judgment for that of the trial court unless there was an abuse of discretion. *Kunkle, supra* at 67. An abuse of discretion is more than merely an error of law or judgment, rather the court's attitude must be unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St. 3d 217, 219. Other than her argument that the trial court applied the wrong standard in awarding the dependency exemption, appellant has not cited us to any alleged abuse of the trial court's discretion. Indeed, in our own review of the record we are unable to find any.

Finally, even if we were to accept appellant's argument, our judgment would remain the same. Appellant argues that the *"trial court* in deciding to allocate a child dependency exemption . . . must show on the record that it furthers the interests of the child." (emphasis added). The tenor of this argument is that the trial court's judgment should have *explicitly* considered this factor. However, *Bobo, supra* at 332, stated only that *"the record* must show that the interest of the child has been furthered." (emphasis added.)

The record on appeal includes, *inter alia,* the transcript of proceedings. App. R. 10(A). On August 15, 1989, appellant filed a notice that a transcript would not be requested and, although portions of transcribed testimony appear in the record, a complete transcript is absent. Thus, the record is incomplete. With portions of the transcript omitted and the record incomplete, we would have no alternative but to presume the validity of the proceedings below and affirm. *See Columbus v. Hodge* (1987), 37 Ohio App. 3d 68.

The judgment of the trial court is affirmed.

*Judgment affirmed.*[8]

ABELE, P.J., concurs in judgment and opinion.

HARSHA J., concurs with opinion.

---

[1] Although the referee's report does not appear to have made a recommendation concerning the dependency exemption, we note the following reference to this issue in her report:

"Of the six statutory criteria listed in R.C. 3109.05(A), the evidence stressed only the financial resources and needs of the parties. R.C. 3109.05(A) (2). Regarding their respective incomes, the Referee concludes the parties earn a combined gross annual income of approximately $65,400.00, with Defendant earning 54% of the total income. Including consideration of Plaintiff's average weekly child care expenses of $45.00 and *adjusting the figure for the tax credit,* the Referee concludes that the Child Support Guidelines suggest that $100.00 per week is an appropriate level of child support." (Emphasis added)

[2] The notice of appeal from the order of July 27, 1989 was filed on August 15, 1989, and included a statement that the claimed error on appeal was with respect to the award of the tax exemption. However, because further proceedings were to be held in the trial court on issues unrelated to the exemption award, the August 15, 1989 order did not become final and appealable until the order of March 29, 1990 disposing of the remaining issues., Under these circumstances, we conclude that App. R. 4(A) operated to invoke the jurisdiction of this court to review the instant appeal as of the date of final order below, i.e. March 29, 1990.

[3] The dependency exemption is merely a shorthand reference to the deduction for personal exemption allowed to a taxpayer under 26 U.S.C. 151 (of the Internal Revenue Code of 1986, hereinafter referred to as "I.R.C.1,) in computing taxable income. Specifically, Section 151(C) allows an exemption to a taxpayer for each "dependent." A dependent is defined in Section 152, I.R.C., *inter alia,* as a child of a taxpayer who receives, or is treated as receiving, over half of its support from the taxpayer.

[4] The court noted that the record, in *Hughes,* indicated "that the court allocated the marital property, the burdens of child support and the dependency exemptions in a manner designed to *benefit the children . . .*" (emphasis added.) While the record of *Hughes* may have so indicated, no reference to that fact whatsoever was carried into the opinion.

[5] R.C. 3105.18(B) states as follows:

"In determining whether alimony is necessary, and in determining the nature, amount, and manner of payment of alimony, the court shall consider all relevant factors, including, but not limited to, the following:

"(1) The relative earning abilities of the parties;

"(2) The ages, and the physical and emotional conditions of the parties;

"(3) The retirement benefits of the parties;

"(4) The expectancies and inheritances of the parties;

"(5) The duration of the marriage;

"(6) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;

"(7) The standard of living of the parties established during the marriage;

"(8) The relative extent of education of the parties;

"(9) The relative assets and liabilities of the parties;

"(10) The property brought to the marriage by either party;

"(11) The contribution of a spouse as homemaker."

[6] The reasoning behind this principle is succinctly stated in *State. ex rel. Donahey. v. Edmondson* (1913), 89 Ohio St. 93, 97 as follows:

"*** It has long been the rule of this court that the syllabus contains the law of the case. It is the only part of the opinion requiring the approval of all the members concurring in the judgment. *Where the judge writing an opinion discusses matters or waives expression to his views on questions not contained in the syllabus. it is merely the personal opinion of that judge.* The judges concurring in the judgment and the law as announced in the syllabus are not required or expected to express their concurrence in or their dissent from matters merely *obiter."* (emphasis added).

Of course, observations by way of *obiter dicta* are not binding on inferior courts. *Ecker v. Cincinnati* (1936), 52 Ohio App. 422, 426; *Also see* 23 Ohio Jurisprudence 3d (1980) 149, Courts and Judges, Section 513 (Statements unnecessary to decision and not carried into the syllabus are not binding on courts of appeals). These principles are particularly evident in *Bobo* where Justices Douglas and Wright concurred only in the syllabus and judgment and Chief Justice Moyer only concurred, in part, with the syllabus and judgment. In that the syllabus in *Bobo* concerns only the rendering of a court order under R.C. 3111.13(C) pursuant to the best interests of the child, it is doubtful that portion of the opinion, relied upon by appellant, was intended to replace *Hughes* as the law of Ohio.

[7] We further note the following portion of Justice Douglas's concurring opinion in *Bobo, supra,* at 336:

"One of the more profound errors contained in *Hughes,* and repeated today, is the characterization of the dependency exemption as marital property which may be allocated by the trial court in the exercise of its inherent authority to determine property rights in divorce proceedings. *This exemption is not an item of property.* No one *owns* it. The right to claim this exemption is a matter determined by the federal government pursuant to statute, a right which may, under some circumstances, properly be claimed by one person one year and by a different person the next. By characterizing the allocation of the exemption as part and parcel of a property division, the majority makes it possible for trial courts to grant one party a fixed and immutable entitlement to claim the exemption every year until the child is no longer a

dependent. This allocation inevitably becomes permanent by virtue of the well-settled principle that courts do *not* retain continuing jurisdiction over orders which constitute a division of marital property. *Wolfe v. Wolfe* (1976) 46 Ohio St. 2d 399, 75 0.0. 2d 474, 350 N.E. 2d 413. Thus, according to *Hughes* and today's majority opinion, the right to claim the exemption, once fixed, is forever a closed question, no matter how circumstances may change in the future. Even if custody of the child is altered, the exemption will remain with the party who originally "won" the right to claim such exemption."

Arguably, there would have no reason for these concerns expressed by Justice Douglas (and joined by Justice Wright) had the majority in *Bobo* intended to reverse or modify the "marital property" approach taken in *Hughes* and, instead, adopt a support analysis. Moreover, the expression of these concerns lends credence to the correctness of the decisions in *Gunkel, Mettler* and *Smith, supra*.

[8] As a final matter, it should be noted that while this court has endeavored to apply the law as it stands under *Hughes* and *Bobo*, it is the opinion of this writer, that, short of overruling *Hughes*, the syllabus in *Hughes* should be modified to require the courts to consider the best interest of the child in awarding the dependency exemption in division of marital property. Under this approach, the amount of child support, which a noncustodial parent is ordered to pay, could be increased commensurately with the amount of that parent's tax savings.

HARSHA, J., concurring.

I concur in judgment and the well-written principal opinion and write solely to indicate my agreement with Justice Douglas's concurring opinion in *Bobo, supra*. The dilemma now faced by lower courts in Ohio has been caused by the characterization of the dependency exemption as a property interest. In my opinion, it would more properly be considered in conjunction with custody and support' determinations. This approach is not only more accurate in.terms of the true nature of the exemption, but also allows the trial court to retain jurisdiction to redetermine its allocation based upon changing circumstances.

Given the conflict between our opinion, which is legally mandated as is so aptly pointed out by Judge Stephenson, and the decision in *Helm, supra,* I would certify that matter to the Supreme Court for ultimate resolution, and hopefully, clarification.