## ECKER v CINCINNATI (city)

Ohio Appeals, 1st Dist, Hamilton Co

No 4974.   Decided Jan 27, 1936

Charles E. Dornette, Cincinnati, for plaintiff in error.
John D. Ellis, City Solicitor, Cincinnati, and Francis T. Bartlett, Assistant City Solicitor, Cincinnati, for defendant in error.

# OPINION

By HAMILTON, J.

The first question raised by the plaintiff in error challenges the right of the Chief of Police to suspend him under the circumstances. Plaintiff in error Ecker attacks the suspension on the ground that he did nothing to cause the suspension, that he was presumed innocent of crime until proven guilty, and that in view of the nolle prosequi of the indictment it is an admission that he was not guilty at the time of his suspension of the charge in the indictment. This in effect challenges the discretion of the Chief of Police, who has under the laws of the city the power of suspension. On this proposition, it is not a question of the guilt or innocence of the accused under the indictment. The question confronting the Chief of Police upon which his action of suspension is grounded was the fact that the police officer was indicted by at least 12 citizens of a grand jury and there was extended publicity in the city of the grand jury's indictment.

The character of the work of a police officer would certainly require the Chief of Police to take cognizance of the situation. He could not leave the police officer to perform police work in the City of Cincinnati while under indictment for a bribery charge. To do so would be an affront to the people of the city, as well as a failure to properly perform his duties as such Police Chief. Under the circumstances, the Chief of Police did not abuse the discretion vested in him, but exercised a sound discretion in the administration of his office in suspending the officer pending the outcome of the indictment.

Moreover, Ecker did not at any time challenge his suspension by appropriate action which he might have done immediately upon his suspension.

Plaintiff in error claims, notwithstanding the legality of the suspension, if it should be so found, having survived the indictment without conviction, or in other words, the entering of the nolle prosequi being in effect an admission of his innocence, he was therefore, entitled to his salary as such officer during the period of suspension and cites the case of City of Cleveland v Luttner, 92 Oh St, 493, in support of his claim.

As against this claim, the city, the defendant in error, cites Steubenville v Culp, 38 Oh St, 18. The syllabus in that case is:

"A police officer, suspended from office, by the mayor of a city, under the authority granted by §§121 and 211 of the municipal code (66 Ohio L. 170, 184), is not entitled to wages during the period of such suspension, notwithstanding the council afterward declared the cause of suspension insufficient."

It is contended that the Luttner case was decided subsequently to the Culp case, and, therefore, establishes a new rule, and in effect overrules the decision in the Culp case.

The cases are clearly distinguishable. There are some observations in the opinion in the Luttner case that may in a way conflict with the decision in the Culp case, but the circumstances and facts on which the two cases are decided are entirely different. It will be noted that the decision in the Luttner case did not in any way mention the decision in the Culp case, and when the facts are known does not overrule the law laid down in the Culp case.

The record in the Luttner case discloses that a number of policemen were discharged from the service as policemen in the City of Cleveland. They were ejected from their positions for alleged disobedience of a rule which their superior officer had suspended conditionally, they having faithfully complied with the condition, and having been cast out nevertheless. The record in the Luttner case further discloses that an action in mandamus was brought in the Court of Appeals against the City of Cleveland and others to compel the reinstatement of the relator to his position in the police department and the restoration of all the rights he lost by reason of the illegal suspension and discharge. Upon this issue joined the Court of Appeals made the following journal entry:

"This cause came on to be heard upon the pleading and the evidence. On consideration whereof the court finds on the issues joined for the relator and that he is entitled to have a peremptory writ of mandamus issue as prayed for.

"It is, therefore, ordered that a peremptory writ of mandamus issue against the City of Cleveland and Charles W. Stage, Director of Public Safety of said city, commanding the said Charles W. Stage to discharge his plain duty in the premises and ordering and directing him to reinstate the relator to his position and all of the rights and pay as a member and officer of the police force of the City of Cleveland as of the date of April 25th, 1911, and command-

ing the said Director of Public Safety to issue or cause to be issued a warrant for the salary due and payable to the relator since the date of his pretended suspension from said police force, to-wit: the 25th day of April, 1911."

From this judgment, no proceeding for review was taken and the judgment became a finality. The salaries of the removed police officers not having been paid, the Luttner case was instituted to collect the salary. It is under this state of facts that the Supreme Court affirmed the judgment of the Court of Appeals, granting the judgment prayed for in the new action. We will not discuss the Luttner case further, since there are some observations in the opinion which are not supported by authority. While it may be claimed that the opinion of the Sureme Court needs no authority, certainly the observations by way of obiter dictum are not binding, and since the case in no wise suggests the overruling or disapproval of the case of Steubenville v Culp, supra, we are content with the law as pronounced in the Culp case. This requires the affirmance of the judgment of the Municipal Court.

Finding no prejudicial error in the record, the judgment is affirmed.

ROSS, PJ, and MATTHEWS, J, concur.