STATE ex **CHAMBERS** v **CAMPBELL** et
STATE ex **STEINBACH** v **CAMPBELL** et

Ohio Appeals, 1st Dist, Hamilton Co

No 5395. Decided Mar 28, 1938
No 5396. Decided Mar 28, 1938

James E. O'Connell, Cincinnati, for Appellants.

Dudley M. Outcalt, Cincinnati, Walter M. Locke, Cincinnati, and I. Jack Martin, Cincinnati, for Appellees.

### OPINION

By MATTHEWS, J.

These cases raise the same issue that was presented in the case of State ex rel. Kauffmann v Campbell, et al., recently decided by this court. While the allegations of the petitions in these cases are not as comprehensive, we believe they are sufficient to be invulnerable as against demurrers. In passing upon these demurrers, we repeat what we said in the Kauffman case, namely, "In deciding this question, we must give to the averments of the petition the meaning most favorable to the

relator that a reasonable construction will permit."

Giving that construction, we conclude that the petitions certainly show an original right to the positions ▆▆▆▆ and a wrongful expulsion therefrom. Those allegations standing alone would entitle the relators to the writs commanding their reinstatement.

Ordinarily, if this right, thus shown, had been forfeited by laches, estoppel, or waiver, such forfeiture would constitute an affirmative defense ▆▆▆▆ to be pleaded and proven by the defendant. The case of **State ex rel. ᴠ Witler, 114 Oh St 357,** relied upon by the demurrants, was heard on the pleadings and an agreed statement of facts, and not upon demurrer to the petition. Assuming that where laches, estoppel, waiver or any affirmative defense clearly appears upon the face of the petition advantage may be taken of it by a defendant by demurring, our conclusion in these cases is that it does not apr ᴊr with sufficient clearness to be taken advantage of in that way. The pleader has stated many things to explain the delay that might otherwise cause the court to exercise its discretion against him.

We are of the opinion that the averments are sufficient to require an answer. Whether the facts as clarified by the answers and the evidence will entitle the relator to any relief and if so the extent thereof, must abide the developments of the litigation. An examination of the authorities suggests that one rule may apply to the right to reinstatement and another to the right to compensation for the period when the relators were not performing their services. **City of Cleveland v Luttmer, 92 Oh St 493, Steubenville v Culpy, 38 Oh St 18, Williams v State ex rel. 127 Oh St., 398, at 401, and Ecker v Cincinnati, 52 Oh Ap., 422. (21 Abs 100).** We express no opinion on this subject and mention it only to emphasize the extent and limits of our holding on these demurrers.

For these reasons, the judgments are reversed, and the causes remanded for further proceedings according to law.

ROSS, PJ, and HAMILTON, J, concur.