CHUPKA, DIR., APPELLANT, *v.* SAUNDERS, APPELLEE.

[Cite as Chupka *v.* Saunders (1986), 28 Ohio St. 3d 325.]

(No. 85-1878—Decided December 26, 1986.)

*Ronald J. O'Brien,* city attorney, *Eileen A. Groves* and *Thomas K. Lindsey,* for appellant.

*Fred Thomas,* for appellee.

*Per Curiam.* Appellant Chupka asserts that the court of appeals erred in its refusal to remand the cause to the court of common pleas for a trial *de novo* following the discovery that the court of common pleas had ruled on an incomplete record. We agree.

Administrative and judicial review of the suspension, demotion or removal of a police officer must be conducted pursuant to R.C. 124.34, which provides in pertinent part:

"In the case of the suspension * * * or removal of * * * any member of the police or fire department of a city or civil service township, * * * [a]n appeal on questions of law and fact may be had from the decision of the municipal or civil service township civil service commission to the court of common pleas in the county in which such city or civil service township is situated. * * *"

In *Cupps* v. *Toledo* (1961), 172 Ohio St. 536 [18 O.O.2d 82], paragraph two of the syllabus, we held that "[t]he appeal on questions of law and fact from the affirmance by a civil service commission of a municipality of an order of dismissal of a member of the police department * * * is a trial *de novo* * * *."

The scope of a trial *de novo* is governed by the provisions of R.C. Chapter 2505 to the extent they are applicable. See *Newsome* v. *Columbus Civ. Serv. Comm.* (1984), 20 Ohio App. 3d 327, 329; *In re Locke* (1972), 33 Ohio App. 2d 177 [62 O.O.2d 276]. R.C. 2505.21, which is among the applicable provisions, provides in part as follows:

"An appeal taken on questions of law and fact entitles the party to a hearing and determination of the facts *de novo* which shall be upon the same or amended pleadings. The court shall review the final order, judgment or decree upon such part of the record made in the trial court as any party may present to the court and such additional evidence as upon application in the interest of justice the court may authorize to be taken, such evidence to be presented in the manner and form prescribed by the court."

Thus, in a trial *de novo* the court of common pleas is empowered to "* * * substitute its own judgment on the facts for that of the commission, based upon the court's independent examination and determination of conflicting issues of fact. * * *" *Newsome, supra,* at 329. The "trial," in a trial *de novo,* is the "independent judicial examination and determination of conflicting issues of fact and law, notwithstanding the evidence before the appellate court consists of the record of the proceedings in the lower tribunal." *Lincoln Properties* v. *Goldslager* (1969), 18 Ohio St. 2d 154 [47 O.O.2d 316], paragraph one of the syllabus. The trial is not necessarily

"* * * a second event where the witnesses personally reappear and reaffirm or respeak their previous testimony.* * *" *Id.* at 161. In fact, evidence in addition to the transcript and record of the commission's proceedings may only be admitted with the express permission of the reviewing court. *Newsome, supra; Resek* v. *Seven Hills* (1983), 9 Ohio App. 3d 244.

Since the appeal to the court of common pleas is upon the record from the commission, the availability of that record to the court of common pleas is crucial to proper disposition of the case before it. In this case, the transcript of the commission's dispositional hearing was erroneously omitted from the record sent to the court of common pleas. The trial judge stated that his decision was made on the *"entire* record" (emphasis added) certified and filed by the commission. It is obvious that the trial court believed that it had the *entire* record before it and rendered its decision based on that assumption.

While R.C. 2505.21 provides that an independent review can be "* * * upon such part of the record made in the trial court as any party may present to the court," the partial record before the trial court here was not sufficient under these circumstances. Neither party realized that the commission had failed to transcribe the dispositional hearing until the case was before the court of appeals. Chupka had requested that the commission send the entire record to the trial court and Saunders relied on that request. If Chupka had affirmatively requested that only a portion of the record be transcribed, Saunders could then have requested an additional portion of the record.

Since the commission failed to comply with the praecipe and did not provide the court of common pleas with the entire record as requested by appellant, the court of appeals should have remanded the cause to the trial court to reconsider its decision and decide the cause on the entire record. The commission's error caused the record to be incomplete. Therefore, the commission should not be able to avoid a review of its decision by the appropriate forum as a result of that failure.

Moreover, the court of appeals erred in deciding the case on the supplemented record. "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State* v. *Ishmail* (1978), 54 Ohio St. 2d 402 [8 O.O.3d 405], paragraph one of the syllabus.

Therefore, the judgment of the court of appeals is reversed and this cause is remanded to the court of common pleas for a trial *de novo.*

*Judgment reversed*
*and cause remanded.*

SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

CELEBREZZE, C.J., concurs in judgment only.

CLIFFORD F. BROWN, J., concurring. While I agree with the reasoning and result of the majority opinion, I am compelled to write further by what I perceive to be the fundamental problem of the cause *sub judice*; that is, the procedural "comedy of errors" which gave rise to this action. The occurrence of such procedural nightmares results from the veritable jurisprudential quagmire which exists in this state in the area of appellate review of administrative decisions. This procedural pitfall exists because this court has consistently failed to relieve the chaos by rendering a clear and decisive ruling concerning the interplay of the various statutory mechanisms available in the appeal of decisions of administrative agencies.

In the instant action, the Columbus safety director discharged Saunders for disciplinary reasons. Saunders appealed to the relevant municipal civil service commission which, after hearings, modified the discharge to an extended suspension without pay. The city of Columbus appealed to the commission with the first procedural misstep of this action.[2]

The safety director appealed to the court of common pleas initially under R.C. 119.12 and 2506.01 and then later amended his pleading to include R.C. 124.34. At that point, the safety director claimed that the commission's decision to reverse the safety director's discharge was not supported by reliable, probative and substantial evidence. It was subsequently argued that the safety director's decision could not lawfully be modified by the municipal civil service commission absent a finding that the city official abused his discretion in reaching the decision to discharge Saunders.

The next error occurred when the transcript of the Columbus Civil Service Commission was certified to the court of common pleas. Although the safety director requested that the entire record be certified, the commission's cover letter to the portion of the record certified clearly indicated that *the complete record was not certified.*[3]

The common pleas court reversed the order of the commission and reinstated the city's initial discharge of Saunders. The common pleas court's judgment entry stated in part that "[t]he order [of the commission]

---

[2] I feel obliged to emphasize that the procedural problems in this action in no way reflect on the abilities of counsel for any of the parties to this action. The problems exist because this court has given no conclusive guidance to the legal community as to the proper application of the relevant statutory provisions.

[3] The commission's cover letter reads:

"TRANSCRIPT OF PROCEEDINGS IN THE APPEAL OF ROMEY SAUNDERS — Case No. 83CV-05-3192 Judge Flowers.

"TO THE CLERK OF THE FRANKLIN COUNTY COURT OF COMMON PLEAS:

"I hereby certify that the following documents constitute the complete transcript of the papers, testimony and evidence offered, heard and taken into consideration by the Columbus Civil Service Commission issuing the order appealed from, *with the exception of the Transcript of Proceedings before the Civil Service Commission on December 9, 1982, December 14, 1982, and April 14, 1983, which will be provided as soon as practicable * * *."* (Emphasis added.)

is not supported by substantial, reliable and probative evidence and is contrary to law." The common pleas court, however, never considered nor even received transcripts of three days of hearings before the commission which were missing from the certified record. Furthermore, the common pleas court apparently failed to consider or even read Saunders' brief in arriving at its decision.

Saunders subsequently appealed to the court of appeals at which time the safety director discovered that the missing transcripts were never supplied to the court of common pleas with the certified record. The safety director moved the court of appeals to remand the action to the common pleas court for *de novo* review of the *entire* record. The final errors occurred when the court of appeals denied the motion to remand, granted leave to supplement the record and then decided that there was no basis for the common pleas court's ruling because the record was incomplete. Upon the safety director's motion for reconsideration, the court of appeals upheld the reversal of the common pleas court decision, holding that the common pleas court should have indulged in the presumption of regularity of the commission's actions.

R.C. 124.34 reads in part:

"In the case of the suspension for any period of time, or demotion, or removal of a chief of police or a chief of a fire department or any member of the police or fire department of a city or civil service township, the appointing authority shall furnish such chief or member of a department with a copy of the order of suspension, demotion, or removal, which order shall state the reasons therefor. Such order shall be filed with the municipal or civil service township civil service commission. *Within ten days following the filing of such order such chief or member of a department may file an appeal, in writing, with the municipal or civil service township civil service commission.*" (Emphasis added.)

Thus, once the city official suspends, demotes or removes an officer or fireman from his position, that officer or fireman is entitled to an appeal to the municipal or civil service township civil service commission. Saunders properly filed for and obtained such an appeal.

R.C. Chapter 2506 provides for appeals from administrative bodies and their officers to a pertinent court of common pleas, but R.C. 2506.01 requires a "final order, adjudication, or decision" before such appeal may be perfected. R.C. 2506.01 states, in relevant part:

"A 'final order, adjudication, or decision' does not include any order from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority and a right to a hearing on such appeal is provided * * *."

In the present action R.C. 124.34 provides a statutory appeal to a "higher administrative authority," the municipal civil service commission, within the contemplation of R.C. 2506.01. Thus, the officer is precluded from appealing the city official's removal decision directly to a court of common pleas under R.C. Chapter 2506.

Once the commission hands down a decision, the appropriate route of appeal to a court of common pleas and the relevant standard of review depend upon whether the officer or the appointing authority is appealing. In the present action, the safety director appealed pursuant to R.C. 119.12, 2506.01 and 124.34. As will be shown *infra,* this was incorrect and resulted in the safety director's requesting what could be, on the face of the statutes, conflicting standards of review on the same appeal.

R.C. 124.34 explicitly governs appeals from a decision of the municipal civil service commission to the court of common pleas involving suspension or removal of any member of the police department. The statute provides two separate procedures, one for civil servants who are not policemen or firemen and another for civil servants who are police or fire officers. Appeals are allowed only from decisions to suspend, remove or reduce the pay of civil servants for disciplinary reasons. R.C. 124.34 reads in pertinent part:

"In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officers or employee may appeal from the decision of the state personnel board of review or the commission to the court of common pleas of the county in which the employee resides in accordance with the procedure provided by section 119.12 of the Revised Code.

"* * * An appeal on questions of law and fact may be had from the decision of the municipal or civil service township civil service commission to the court of common pleas in the county in which such city or civil service township is situated. Such appeal shall be taken within thirty days from the finding of the commission."

Thus, where a decision involving a non-police or non-fire officer is at issue, a decision of the commission must be appealed to the common pleas court pursuant to the procedures within R.C. 119.12 which utilizes R.C. Chapter 2505. See, *e.g., Resek* v. *Seven Hills* (1983), 9 Ohio App. 3d 224. Where, however, fire or police officers are involved, the commission decision may be appealed *"on questions of law and fact."* (Emphasis added.)

Although App. R. 2, effective in 1971, abolished appeals on questions of law and fact, R.C. 124.34 is clearly an exception. The General Assembly has amended R.C. 124.34 several times since the Appellate Rules were promulgated and each time has preserved unchanged the language granting police and fire officers an appeal on questions of law and fact.

The appeal on questions of law and fact contemplates a trial *de novo. Cupps* v. *Toledo* (1961), 172 Ohio St. 536 [18 O.O.2d 82], paragraph two of the syllabus, and, as previously stated, is governed by R.C. Chapter 2505. The majority opinion contains an exceptional analysis of the scope of the trial *de novo* and nothing further needs to be added here.

The city, however, also appealed to the common pleas court under R.C. Chapter 2506. R.C. 2506.03 provides that, in general, "[t]he hearing of such appeal shall proceed as in the trial of a civil action but the court shall be confined to the transcript as filed pursuant to section 2506.02 of

the Revised Code * * *." R.C. 2506.03, however, broadens this apparently narrower review with a list of exceptions which allow the common pleas court to liberally receive additional evidence. R.C. 2506.04 adds to the breadth of the review by permitting the court of common pleas as a trial fact finder to determine that the commission decision is unreasonable. "R.C. 2506.04 requires the court to examine the 'substantial, reliable and probative evidence on the whole record,' which in turn necessitates both factual and legal determinations." *Dudukovich* v. *Housing Authority* (1979), 58 Ohio St. 2d 202, 206 [12 O.O.3d 198]. Thus, the sum total of the scope of review in the common pleas court under R.C. Chapter 2506 also provides the parties with *de novo* review, subject only to any limitations within R.C. 2506.04. *Reed* v. *Rootstown Twp. Bd. of Zoning Appeals* (1984), 9 Ohio St. 3d 54, 57-62 (Clifford F. Brown, J., dissenting). See, also, *Dudukovich, supra; Cincinnati Bell* v. *Glendale* (1975), 42 Ohio St. 2d 368 [71 O.O.2d 331].

*R.C. Chapter 2506 review, however, is not available to the safety director.* R.C. 2506.01 requires a "final order, adjudication, or decision" for review pursuant to R.C. Chapter 2506. R.C. 2506.01 reads in part: *"A 'final order, adjudication, or decision' does not include* any order from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority and a right to a hearing on such appeal is provided; *any order which does not constitute a determination of the rights, duties, privileges, benefits, or legal relationships of a specified person;* nor any order issued preliminary to or as a result of a criminal proceeding." (Emphasis added.)

Thus, the statute grants a right of appeal, *in addition to* any other appeal from a commission's final order. A final order does not, however, include an order which does not determine the rights of a "specified person." Thus, R.C. Chapter 2506 provides for an appeal only by a *person* directly affected by the decision sought to be appealed. *Schomaeker* v. *First Natl. Bank* (1981), 66 Ohio St. 2d 304, 312 [20 O.O.3d 285]. Director Chupka is an appointing authority in the instant case. Chupka, like most administrative officers, cannot be a "specified person" within the contemplation of R.C. 2506.01 because his interests are not directly affected by an administrative decision. See, *e.g., Poole* v. *Maloney* (1983), 9 Ohio App. 3d 198; *Welch* v. *Cason* (1983), 13 Ohio App. 3d 64.

Although Chupka is foreclosed from appeal to the common pleas court pursuant to R.C. Chapter 2506, police officer Saunders is a "specified person" whose rights are directly affected. Thus, a police or fire department member may appeal a commission decision pursuant to either R.C. 124.34 or R.C. Chapter 2506. Where, however, there is a choice between statutory routes of appeal, the appellant must elect under which route he will proceed. It is inappropriate to appeal, as was attempted by Chupka in the instant action, under a full panoply of all available statutory routes of appeal.

R.C. 119.12, also initially invoked by the safety director, is not available to either police officer Saunders or the safety director. This court has clearly stated that "the forum provisions of R.C. 124.34 in removal and reduction in pay for disciplinary reason cases were intended to supercede those of R.C. 119.12." *Davis* v. *Bd. of Review* (1980), 64 Ohio St. 2d 102, 105 [18 O.O.3d 345].

Upon appeal from a court of common pleas to a court of appeals, it does not matter whether the court of common pleas received the action pursuant to R.C. Chapter 2506 or pursuant to the procedures of R.C. Chapter 2505 via 119.12 via 124.34. R.C. 2506.04 explicitly provides that "[t]he judgment of the court [of common pleas] may be appealed by any party on questions of law pursuant to sections 2505.01 to 2505.45, inclusive, of the Revised Code."

At this point, then, the analysis of the majority opinion becomes relevant and I agree completely with that analysis and the result achieved.

CELEBREZZE, C.J., concurs in the foregoing opinion.