BEYERSDOERFER, Appellant,

v.

SHOCKET, Safety Dir., et al., Appellees.

[Cite as *Beyersdoerfer v. Shocket* (1994), 93 Ohio App.3d 647.]

Court of Appeals of Ohio,
Hamilton County.

No. C–930073.

Decided March 9, 1994.

648

*Sirkin, Pinales, Mezibov & Schwartz, H. Louis Sirkin* and *Edmund J. McKenna,* for appellant.

*Dolores A. Dunn,* for appellees.

*Per Curiam.*

Charles G. Beyersdoerfer, plaintiff-appellant, was recommended for dismissal from the North College Hill Police Department by the city's chief of police, Peter Zappulla. Frances H. Shocket, the city's safety/service director, affirmed the dismissal, and Beyersdoerfer appealed to the North College Hill Civil Service Commission ("commission"). The commission affirmed Shocket's decision. Beyersdoerfer then timely appealed to the court of common pleas, which also affirmed the dismissal. Beyersdoerfer now brings this appeal, in which the police chief, the safety director, and the commission are named as appellees. In his sole assignment of error, Beyersdoerfer claims that the trial court erred because the dismissal decision was not supported by sufficient evidence. We agree and we reverse.

When a police officer is dismissed, the officer may appeal the decision of the civil service commission to the court of common pleas. R.C. 124.34. In the

court of common pleas, the officer may appeal questions both of law and fact. R.C. 124.34. The scope of the common pleas appeal is "governed by the provisions of R.C. Chapter 2505 to the extent they are applicable." *Chupka v. Saunders* (1986), 28 Ohio St.3d 325, 327, 28 OBR 393, 394, 504 N.E.2d 9, 10. In this case, one applicable section of the chapter is R.C. 2505.01(A)(3), which defines this type of common pleas proceeding as "a rehearing and retrial of a cause upon the law and the facts." That rehearing, therefore, is a trial *de novo*.[1] *Chupka* at 327, 28 OBR at 394, 504 N.E.2d at 10; see, also, *Cincinnati v. Chase* (Dec. 23, 1992), Hamilton App. No. C–910808, unreported, 1992 WL 389133; *Matthews v. Johnson* (Oct. 3, 1990), Hamilton App. No. C–890300, unreported, 1990 WL 143465.

In a trial *de novo*, the common pleas court independently examines the record as it appeared before the commission. In addition, the court, in its discretion, may supplement the record with additional evidence. *Chupka*, 28 Ohio St.3d at 327–328, 28 OBR at 394–395, 504 N.E.2d at 11; *Newsome v. Columbus Civ. Serv. Comm.* (1984), 20 Ohio App.3d 327, 20 OBR 430, 486 N.E.2d 174. At the commission and at the trial court, the burden of proof is on the appointing authority, in this case, the police chief and safety director of North College Hill (collectively "city"). *Cupps v. Toledo* (1961), 172 Ohio St. 536, 18 O.O.2d 82, 179 N.E.2d 70, paragraph one of the syllabus; *Schaffer v. W. Farmington* (1992), 82 Ohio App.3d 579, 587, 612 N.E.2d 1247, 1252. The city must prove the dismissal charges by a preponderance of the evidence. *Cupps* at paragraph one of the syllabus; *Schaffer* at 586, 612 N.E.2d at 1252. When addressing a sufficiency argument in a police dismissal, the court of appeals, just as in any other civil case, will reverse only when there is no competent, credible evidence going to all the essential elements of the claim. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus (cited for the sufficiency standard in *Chem. Bank of New York v. Neman* [1990], 52 Ohio St.3d 204, 207–208, 556 N.E.2d 490, 494); *Cincinnati v. Chase* (Dec. 23, 1992), Hamilton App. No. C–910808, unreported, 1992 WL 389133.

As presented at the commission hearing, the facts giving rise to Beyersdoerfer's dismissal began on February 17, 1985. On that date, a fellow officer radioed Beyersdoerfer informing him that two men were waiting to see him in the station. Beyersdoerfer claimed that when he arrived in the station, he was confronted and threatened by one of the men, who attempted to stab him with a knife. In response, he claimed that he drew his gun, fired a single shot, and killed the assailant, Kevin G. Nichols. The police chief testified that immediately after the

---

1. The Ohio Supreme Court held that a police officer's appeal on questions of law and fact is a trial *de novo*. *Cupps v. Toledo* (1961), 172 Ohio St. 536, 18 O.O.2d 82, 179 N.E.2d 70, paragraph two of the syllabus (interpreting R.C. 143.27, the predecessor to R.C. 124.34).

shooting, he found a knife at the scene. As a result of the incident, Beyersdoerfer was convicted of negligent homicide and dismissed from the force.

In this appeal, the appellees did not file a brief; resultantly, the city was not heard at oral argument. See, generally, App.R. 18(C). At oral argument, Beyersdoerfer asked this court to accept his version of the facts and issues as stated in his brief and to reverse the judgment solely pursuant to App.R. 18(C). We have, instead, reviewed the record to determine independently if the assignment of error is supported by the evidence certified to us for review.

Upon that examination, we first find that the original dismissal charges filed by the police chief are not in the record. There is only a February 22, 1991 letter to Beyersdoerfer from the safety director affirming the police chief's dismissal order. Nevertheless, the charges, as explained by the police chief at the commission hearing, were that Beyersdoerfer violated the rules and regulations of the department. Specifically, he claimed that Beyersdoerfer violated the firearms-deadly force policy and discredited the department. These, therefore, are the charges that the city was required to support by sufficient evidence and to prove by a preponderance.

When the city attempted to prove the charges, however, it never produced the rules and regulations or made them part of the record. As far as the firearms policy that Beyersdoerfer was charged with violating, the city originally was successful in having it entered into evidence by way of stipulation. But, it also is not before us on appeal because it was not included in the record. See, generally, *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus.

These deficiencies alone are not fatal to the city's case. However, fundamental rules of due process, as well as R.C. 124.34, require specific reasons for an officer's dismissal. *Manning v. Clermont Cty. Bd. of Commrs.* (1989), 55 Ohio App.3d 177, 181–182, 563 N.E.2d 372, 377. At the hearing, the police chief testified that it was appropriate for an officer who felt threatened to protect himself with the use of deadly force. He also testified that the propriety of the decision to use deadly force is to be determined by the officer's subjective judgment at the time of the threat.

Regarding Beyersdoerfer's noncompliance with the firearms policy, the police chief testified that, as a general matter, a conviction for a misdemeanor, in this case negligent homicide, is not a *per se* violation of the department's rules and

regulations.[2] Furthermore, he testified that a threat by a knife could be a sufficient reason for an officer to use deadly force. As far as the threat to Beyersdoerfer, police officer James Grindle testified that he saw the knife at the scene and believed that it was capable of inflicting bodily harm. In addition, Beyersdoerfer testified that he felt threatened at the time of the shooting. Based on this evidence and the limited information concerning the firearms policy, there was no competent, credible evidence that Beyersdoerfer violated the firearms portion of the department's rules and regulations.

The only other charge presented at the commission hearing was discrediting the police department. "[N]eglect of duty * * * misfeasance, malfeasance, or nonfeasance in office" are all proper grounds for removing a police officer. R.C. 124.34. The law even has extended these grounds to off-duty behavior. See, e.g., *Jones v. Franklin Cty. Sheriff* (1990), 52 Ohio St.3d 40, 555 N.E.2d 940; *Warrensville Hts. v. Jennings* (1991), 58 Ohio St.3d 206, 569 N.E.2d 489; *Beyer v. Donaldson* (1978), 57 Ohio App.2d 24, 11 O.O.3d 16, 384 N.E.2d 712; *Ecker v. Cincinnati* (1936), 52 Ohio App. 422, 5 O.O. 426, 3 N.E.2d 814; *Schroeder v. Cincinnati* (Oct. 27, 1993), Hamilton App. No. C–920376, unreported, 1993 WL 488899.

The city never once, in its notices or in the hearing, specified what the standard was for discrediting the department. Similarly, it did not specify what conduct by Beyersdoerfer discredited the department. Here, just as in the firearms policy, the *only* testimony on this subject was by the police chief who testified that it was not a *per se* violation of the rules to be convicted of a misdemeanor, such as negligent homicide.

Even though the trial court decided the case without supplementing the evidence that was before the commission, the court was required to determine independently whether Beyersdoerfer's dismissal was proper.[3] The city, however, did not present any competent, credible evidence that Beyersdoerfer violated either the policy on using firearms or the policy against discrediting the department. We hold, therefore, that the trial court erred in finding that the appointing authority met its burden of proof for removing Beyersdoerfer. Accordingly, the decision of the trial court is reversed, and the cause is remanded with instructions that the court of common pleas order Beyersdoerfer reinstated to the

---

2. The parties stipulated to Beyersdoerfer's conviction for negligent homicide. In an agreement not to "retry" the criminal case, each time that the negligent homicide conviction was alluded to, the parties avoided mentioning any details of the prosecution.

3. In its order the trial court found that the decision of the civil service commission was not "unlawful, unreasonable or contrary to the manifest weight of the evidence." This is not the correct standard for a police dismissal under R.C. 124.34. This inaccuracy, however, was not assigned as error nor is it the basis of our disposition of the case.

North College Hill Police Department and awarded any other relief consistent with this opinion.

*Judgment accordingly.*

SHANNON, P.J., DOAN and M.B. BETTMAN, JJ., concur.