DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff Gary L. Thomas has appealed from a judgment of the Summit County Common Pleas Court that affirmed a decision of the Akron Department of Public Health (the department) to raze his property. He has argued that the common pleas court failed to follow proper procedures, pursuant to Section 2506.04 of the Ohio Revised Code, in determining whether the department's decision was supported by a preponderance of substantial, reliable, and probative evidence. This Court affirms the judgment of the common pleas court because plaintiff stipulated before that court that the department's decision was supported by a preponderance of substantial, reliable, and probative evidence.
 I.
During July 1993, plaintiff purchased a house in Akron. Beginning during 1994, the department issued numerous citations against the property for various housing defects. At a July 16, 1996, meeting of the City of Akron Housing Appeals Board, a staff member of the department informed the board that plaintiff had failed to comply with the orders issued against the property and that the property itself was "vacant, open, dilapidated, [and] tax delinquent[.]" That staff member also reported that "[a] reinspection of the property on July 15, [1996,] showed the following repairs remain[ed]: siding, spouting, exterior paint, window glass, roof, walls and ceilings, foundation, porch floors, rear concrete steps, refuse plus any other interior repairs needed." At that meeting, the board voted to raze plaintiff's property "due to the fact that the property is vacant, has been open in the past, is dilapidated, and the deteriorated condition of the property is a blighting influence on the neighborhood[.]"
During August 1996, plaintiff filed a complaint in the Summit County Common Pleas Court against the department to review the decision to demolish his house. On November 27, 1996, the parties agreed to a resolution of their dispute, and recorded their agreement in a journal entry that was adopted by the common pleas court. Relevant parts of that journal entry are as follows:
 For purposes of this appeal, the parties have agreed, and the court orders and finds, as follows:
 1. On July 16, 1996, after providing adequate notice to all interested parties, [the department] conducted a hearing in compliance with [Section 2506.03 of the Ohio Revised Code]. * * *
 2. [Plaintiff] shall be entitled to a stay of execution of [the department's] decision * * * so long as [plaintiff] keeps the property vacant, secure, and free of litter and debris during the pendency of the appeal in this court.
 3. Filing of the Record pursuant to [Section 2506.02
of the Ohio Revised Code], briefing of the issues pursuant to Summit County Local Rule 19. 03, submission of additional evidence pursuant to [Section 2506.03] and Summit County Local Rule 19.04, and a ruling on the merits of [the department's] decision pursuant to [Section 2506.04] is not necessary for the disposition of this appeal.
 4. [The department's] decision is not unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by a preponderance of substantial, reliable and probative evidence on the whole record. See [Section 2506.04].
 5. By December 31, 1996, [plaintiff] shall have installed a new roof on the property, shall have obtained approval of the new roof, and shall have arranged for the Department of Public Health to conduct a full interior and exterior inspection of the property. By March 3, 1997, [plaintiff] shall have demolished or rehabilitated the property so that it complies in full with the City of Akron Environmental Health Housing Code.
 6. If [plaintiff] does not comply with the terms of paragraph five, above, [the department's] demolition order shall be affirmed at [plaintiff's] cost, and [plaintiff's] stay of execution shall be terminated.
 7. If [plaintiff] does comply with the terms of paragraph five, above, [the department's] demolition order shall be rescinded at [the department's] March, 1997 meeting, whereby this appeal will be rendered moot and shall be dismissed at [plaintiff's] cost, and [plaintiff's] stay of execution shall be terminated.
 8. Compliance with the terms of this Journal Entry shall be based on [a search of the records of the Summit County Recorder's Office and Common Pleas Court], an inspection of the property, and [the department's] Affidavit, which shall serve as a sufficient basis for further Journal Entry of the court.
Apparently, plaintiff neither demolished nor rehabilitated his property. A representative of the department inspected the property on March 13, 1997, and found evidence of numerous housing violations, "including but not limited to the roof, plumbing, electrical, walls and ceilings, foundation walls and floors, and lack of a functional kitchen and bathroom." He submitted an affidavit reciting as much to the common pleas court.
In a journal entry dated March 17, 1997, the common pleas court found that plaintiff had not demolished or rehabilitated his property and affirmed the original decision of the department. Plaintiff timely appealed to this Court.
 II.
In his sole assignment of error, plaintiff has argued that the common pleas court incorrectly affirmed the department's decision because it did not independently review the administrative proceedings, as required by Section 2506.04 of the Ohio Revised Code, to determine if that decision was supported by a preponderance of substantial, reliable, and probative evidence. Section 2506.04 of the Ohio Revised Code provides that, in reviewing a decision of an administrative agency, a common pleas court shall determine whether the decision was "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." The court may then affirm, reverse, vacate, or modify the decision, or remand the case for proceedings consistent with the findings or opinion of the court. Usually, a review of the "whole record" is required. See Chupka v. Saunders
(1986), 28 Ohio St.3d 325, 332; Dudukovich v. Lorain Metro.Housing Authority (1979), 58 Ohio St.2d 202, 207.
Plaintiff has asserted that it was impossible for the common pleas court to review the "whole record" in this case because, according to the journalized agreement, it was not necessary for the department to file the record. The common pleas court, therefore, according to plaintiff, did not have sufficient materials before it to review the department's decision. In fact, the department filed the record on September 17, 1996. Accordingly, the common pleas court had the record before it, and this Court cannot conclude that it did not consider the record before it journalized the November 27, 1996, agreement.
Even if the common pleas court had not had the record before it, however, plaintiff waived his right to argue on appeal that it erred by not reviewing that record. He specifically stipulated, in the agreement journalized on November 27, 1996, that no record was required, that no briefs were necessary, and that the decision of the department was supported by a preponderance of substantial, reliable, and probative evidence. See Adams v. Keck (Mar. 26, 1997), Summit App. No. 17916, unreported, at 4, citing State v.Allen (1995), 73 Ohio St.3d 626, 634.
Plaintiff has argued that the common pleas court should have disregarded the agreement because he was "taken advantage of." Accordingly, he has argued that the common pleas court should have reviewed the merits of the decision despite the agreement between the parties. He has not provided any evidence, however, that he was in any way tricked or coerced into signing the agreement. Further, the agreement was not one sided. Among other things, it stayed the original decision of the department as long as plaintiff kept the property "vacant, secure, and free of litter and debris during the pendency of the appeal." Pursuant to the agreement, the decision would have been vacated if plaintiff had installed a new roof by December 31, 1996, and either demolished or rehabilitated the property by March 3, 1997. Plaintiff has not demonstrated that he was coerced into signing or that the terms of the agreement were against public policy. See State v.Habash (Jan. 31, 1996), Summit App. No. 17071, unreported, at 5-6. The common pleas court was not required to disregard the agreement.
The agreement between the parties in this case was an acceptable alternative to the appellate process and was freely entered into by both sides. Defendant's assignment of error is overruled.
 III.
Defendant's assignment of error is overruled. The judgment of the common pleas court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ CLAIR E. DICKINSON
FOR THE COURT
QUILLIN, J., J.
SLABY, J.
CONCUR