OPINION
{¶ 1} Pro-se Appellant, Samuel L. Buoscio, timely appeals the July 7, 2005, Judgment Entry rendered by the Mahoning County Court of Common Pleas, Probate Division. This entry dismissed Appellant's motion styled "Complaint for Payment of Attorney Fees and Complaint for Wrongful Payment from Trust Account." Appellant is the beneficiary of the trust. Appellees, Karen Abrams and National City Bank, Trust Department, have not filed a response with this Court.
 {¶ 2} In dismissing Appellant's "complaint," the trial court determined that it was barred by the doctrine of res judicata since the issue had been previously ruled on by the trial court in its August 30, 2000, and June 20, 2003, decisions. (July 7, 2005, Judgment Entry.)
 {¶ 3} For the following reasons, we affirm the trial court's dismissal of Appellant's complaint.
 {¶ 4} Appellant's two assignments of error on appeal assert,
 {¶ 5} "THE MAHONING COUNTY COURT OF COMMON PLEAS PROBATE COURT ERRED WHEN HOLDING THAT THE ACTION THAT WAS FILED IN THERE [SIC] COURT OF JULY 5, 2005 PURSUANT TO THE ACTION THAT WAS FILED IN THERE [SIC] COURT OF MAY 21, 2003 WAS RES-JUDICATA. WHEN THE CLEAR AND COMPELLING EVIDENCE OFFERED TO THE COURT IN THE ACTION THAT WAS FILED JULY 5, 2005, SUFFICIENTLY DEMONSTRATED THAT THEY WERE NOT THE SAME CAUSE OF ACTIONS. AND WERE NOT BASED ON THE SAME CAUSE OF A [SIC] ACTION.
 {¶ 6} "THE MAHONING COUNTY COURT OF COMMON PLEAS PROBATE COURT ERRED BY FAILING TO HOLD A HEARING PURSUANT TO THE ACTION THAT WAS FILED IN THERE [SIC] COURT OF JULY 5, 2005, TO TRY THE ACTION FILED ON JULY 5, 2005 ON ITS MERRITS. [SIC] WHEN THE CLEAR AND COMPELLING EVIDENCE THAT WAS OFFERED TO THE COURT IN THE ACTION THAT WAS FILED IN THERE [SIC] COURT OF JULY 5, 2005, SUFFICIENTLY DEMONSTRATED THAT THE ACTION WARRANTED FOR THE COURT TO HOLD A HEARING TO TRY THE ACTION ON ITS MERITS."
 {¶ 7} Before addressing the merits of Appellant's claims, it must be noted that a thorough review of the Mahoning County Court of Common Pleas, Probate Division's docket in Case No. 1985 TS 0002 reveals that Appellant's "complaint" was never properly filed with the trial court. No time stamped copy is in the file and there is no notation on the docketing entries that the "complaint" was ever entered into the record.
 {¶ 8} A court of appeals' review in a direct appeal is limited to those materials in the record, the facts and evidence presented to the trial court, the assignments of error, and oral argument, unless waived. App.R. 12(A)(1)(b); State v.Ishmail (1978), 54 Ohio St.2d 402,377 N.E.2d 500, paragraph one of the syllabus; Chupka v. Saunders (1986),28 Ohio St.3d 325, 328, 504 N.E.2d 9.
 {¶ 9} Nonetheless, the trial court's decision from which Appellant appeals indicates that, "[o]n or about July 5, 2005, this Court received this Complaint[.]" (Emphasis in original.) (July 7, 2005, Judgment Entry.) Again, it is not in the court's official file and its filing is not recorded on the docket. However, it is clear that the trial court proceeded to address the merits of Appellant's "complaint."
 {¶ 10} This Court does have in its possession a document that appears to be the complaint Appellant sent to the probate court. This purported copy of his complaint is not time stamped by the probate court, yet it is in an envelope addressed to the clerk of courts for the Mahoning County Court of Common Pleas, Probate Division.
 {¶ 11} In reviewing this document in conjunction with the trial court's dismissal entry, it appears this document is the complaint referred to and dismissed by the trial court's July 7, 2005, Judgment Entry. Since a trial court speaks through its entries, and the trial court in this matter acknowledged that it received Appellant's complaint and addressed its merits, we will assume this document is the complaint to which the trial court refers and we will address Appellant's arguments on appeal arising from the dismissal of his complaint, even though it was not properly filed and docketed.
 {¶ 12} The trial court dismissed Appellant's Complaint for Payment of Attorney Fees and Complaint for Wrongful Payment from Trust Account based on the doctrine of res judicata. Specifically, the trial court concluded that it had twice previously ruled on this same request for payment of attorney fees. Accordingly, it found that Appellant was unable to collaterally attack this issue in his new complaint. (July 7, 2005, Judgment Entry.)
 {¶ 13} The Ohio Supreme Court has held that, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, 653 N.E.2d 226, syllabus. Further, it is well settled that res judicata applies and bars not only issues actually addressed in a prior matter, but also every other issue that could have arisen from the same subject matter. Holzemer v. Urbanski (1999), 86 Ohio St.3d 129,133, 712 N.E.2d 713.
 {¶ 14} Appellant's complaint appears to present two interrelated arguments. He first complains that the trial court erred in not authorizing the payment of his criminal defense attorney's fees from the trust. Second, he claims that the trial court erred in allowing court costs to be paid from his trust because he filed an affidavit of indigency with the court.
 {¶ 15} Upon reviewing the trial court's record, it is clear that Appellant's claims set forth in his July of 2005, Complaint for Payment of Attorney Fees, and Complaint for Wrongful Payment from Trust Account arise from and concern the probate court's June 20, 2003, Judgment Entry and Orders Upon Various Motions. In fact, Appellant's complaint refers to this entry and he attached it to his complaint. In the June 20, 2003, decision the trial court overruled Appellant's request for the payment of attorney's fees from his trust proceeds and ordered Appellant to pay the costs associated with his request.
 {¶ 16} Further, the trial court noted in its June 20, 2003, entry that it had previously denied Appellant's request for the payment of attorney's fees in an entry dated August 30, 2000. Thus, it found that this issue was barred by the doctrine of res judicata. (June 20, 2003, Judgment Entry and Orders Upon Various Motions.)
 {¶ 17} On appeal, we cannot even address whether the trial court was correct in its application of the res judicata doctrine. The fact that Appellant did not timely take issue with or appeal the trial court's June 20, 2003, decision (and possibly the August of 2000 entry) acts as a bar to similar claims asserted two years later.
 {¶ 18} App.R. 4(A) provides in part that a party shall file his or her notice of appeal within thirty days from the date of the entry in issue. A party's failure to file his or her notice of appeal within the thirty days leaves a court of appeals without jurisdiction to consider an appeal. State v. Alexander, 10th Dist. Nos. 05AP-192, 05AP-245,2005-Ohio-5997; Gregory v. Abdul Aal, 11th Dist. No. 2002-T-0176,2004-Ohio-1703.
 {¶ 19} In the instant matter, Appellant's "complaint" takes issue with a probate court's decision that was entered more than two years earlier and court costs associated with this decision. Appellant failed to timely appeal these issues. Accordingly, we have no choice but to overrule Appellant's assignments of error and uphold the trial court's decision dismissing his complaint. The trial court's decision is affirmed.
Vukovich, J., concurs. Reader, J., concurs.