{¶ 1} Appellant, Daniel Hipple, timely appeals a judgment entry of the Columbiana County Court of Common Pleas, Domestic Relations Division, dated April 19, 2006, overruling his objections to the January 24, 2006, Magistrate Decision. The magistrate's decision granted him a divorce from Appellee, Debra Hipple, awarded him custody of the parties' minor children, and ordered distribution of the parties' marital property.
 {¶ 2} In Appellant's sole assignment of error on appeal he argues that the trial court abused its discretion as to certain monetary awards when making a distribution of marital property and debt. Specifically, certain car payments; reimburse funds used from the parties' joint account; pay for Appellee's cellular phone bill; pay Appellee for alleged equity in the marital home; and pay the court costs and guardian ad litem fees. Appellee has not filed a response with this Court.
 {¶ 3} Although Appellant timely filed his objections to the magistrate's decision, the trial court ordered him to provide the necessary transcript of proceedings for its review. Appellant failed to comply, and the trial court subsequently overruled his objections based on this failure.
 {¶ 4} Appellant has since filed the necessary transcript with this Court after filing his notice of appeal. However, as earlier stated, this transcript was not before the trial court for its review. An appellate court bases its review on the record before the trial court. As this transcript was never filed to the trial court, it is improperly before us and we may not consider it in reaching our decision.Chupka v. Saunders (1986), 28 Ohio St.3d 325, 328, 504 N.E.2d 9, citingState v. Ishmail (1978), *Page 2 54 Ohio St.2d 402, 377 N.E.2d 500, paragraph one of the syllabus. Accordingly, and notwithstanding Appellant's unopposed arguments on appeal, Appellant is precluded from challenging factual determinations concerning the issues on appeal. We are constrained by the record to determine that his arguments lack merit and must be overruled. Civ.R. 53(E)(3)(c)(d).
 {¶ 5} Appellant's sole assignment of error states:
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY AFFIRMING THE MAGISTRATE'S DECISION, WHICH INCLUDED FINDINGS OF FACT AND CONCLUSIONS OF LAW THAT ARE ARBITRARY AND AGAINST THE MANIFEST WEIGHT OF ANY ADMITTED OR STIPULATED EVIDENCE BEFORE THE COURT."
 {¶ 7} A court of appeals reviews a trial court's decision to adopt a magistrate's decision under former Civ.R. 53(E)(4) for an abuse of discretion. George Thomas Contr., Inc. v. Hackmann (Mar. 8, 2001), 10th Dist. No. 00AP-877, 3. An abuse of discretion indicates more than an error of law or judgment. It suggests that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 8} Appellant claims that the trial court erred in adopting the magistrate's January 24, 2006, decision. He alleges that it included findings of fact and conclusions of law that were arbitrary and against the manifest weight of the evidence. Appellant takes issue with five specific findings contained in the magistrate's decision and adopted by the trial court. Before addressing these *Page 3 
specific findings, however, we must address the record, here, and the effect of Appellant's failure to adequately pursue his objections to the magistrate's decision.
 {¶ 9} The record reflects that the parties were married in 1988 and had three minor children. Appellant filed a complaint for divorce from Appellee on July 30, 2004. Trial was held November 2, 2005, before a magistrate, and she issued her decision on January 24, 2006. The magistrate's orders were adopted by the trial court on that same date. (Jan. 24, 2006, Judgment Entry of Divorce.)
 {¶ 10} Thereafter, Appellant timely filed his objections to the magistrate's decision. (Feb. 7, 2006, Objections.) He alleged that the magistrate abused her discretion in ordering him to remain responsible for the payments on one of the vehicles until it was sold; in finding that Appellant owed Appellee $4,500 taken from a joint bank account; and in ordering him to pay Appellee's cellular telephone bill. (Feb. 7, 2006, Objections.) Thus, Appellant's timely objections stayed the trial court's adoption of the magistrate's decision under former Civ.R. 53(E)(4)(c).
 {¶ 11} The trial court issued an entry on February 15, 2006, in response to Appellant's objections, stating in part, "Within two weeks of the date of this Order counsel for the Plaintiff shall contact the Court Reporter and make necessary financial arrangements as she may direct for the preparation and filing of the transcript of proceedings before the Magistrate on November 2, 2005." (Feb. 15, 2006, Judgment Entry.)
 {¶ 12} It is obvious from the trial court's docket that the requisite transcript was not prepared and filed by Appellant within the time provided by the trial court. In response, some two months later the trial court issued another entry, stating in part, *Page 4 
 {¶ 13} "Objections were filed in this case * * *. By this Court's Order of February 15, 2006, the objecting Plaintiff was to contact the Court Reporter and make necessary financial arrangements for the preparation and filing of the transcript pertinent to those objections. The Court is advised that timely arrangements were not made pursuant to this Court's Order of February 15, 2006. Therefore, the objections of February 7, 2006 are dismissed and the costs associated herewith are taxed to the Plaintiff." (Emphasis in original.) (April 19, 2006, Judgment Entry.)
 {¶ 14} The transcript of proceedings held before the magistrate on November 2, 2005, was subsequently filed with this Court on June 20, 2006, after Appellant filed his appeal.
 {¶ 15} Our review of this case on appeal is governed and limited by a former version of Civ.R. 53(E), in effect at the time of the decisions at issue here. It states in part,
 {¶ 16} "(3) Objections.
 {¶ 17} "(a) Time for filing. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, regardless of whether the court has adopted the decision pursuant to Civ. R. 53(E)(4)(c). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a request for findings of fact and conclusions of law under Civ. R. 52, the time for filing objections begins to run when the magistrate files a decision including findings of fact and conclusions of law.
 {¶ 18} "(b) Form of objections. Objections shall be specific and state with particularity the grounds of objection. *Page 5 
 {¶ 19} "(c) Objections to magistrate's findings of fact. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall besupported by a transcript of all the evidence submitted to themagistrate relevant to that fact or an affidavit of that evidence if atranscript is not available.
 {¶ 20} "(d) Waiver of right to assign adoption by court as error on appeal. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
 {¶ 21} "(4) Court's action on magistrate's decision.
 {¶ 22} "(a) When effective. The magistrate's decision shall be effective when adopted by the court. The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision.
 {¶ 23} "* * *
 {¶ 24} "(c) Permanent and interim orders. The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered. * * *" (Emphasis added.)
 {¶ 25} Without a transcript, the trial court and a court of appeals must presume the validity of the magistrate's proceedings. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384. In a direct appeal, a court of appeals' *Page 6 
review is limited to the trial court's record, the assignments of error and oral arguments, unless waived. App.R. 12(A)(1)(b); Chupka, supra, at 328; Ishmail, supra, at paragraph one of the syllabus.
 {¶ 26} A transcript is necessary to attack factual findings. Despite the fact that a transcript was not filed, a trial court can and must still assess whether the magistrate's factual findings support his or her conclusions of law. O'Brien, v. O'Brien, 167 Ohio App.3d 584,2006-Ohio-1729, 856 N.E.2d 274, citing Hearn v. Broadwater (1995),105 Ohio App.3d 586, 664 N.E.2d 971. Absent a transcript, the trial court has absolutely no way of knowing what evidence was presented. It is limited, then, to accepting the factfinder's determination of fact based on the evidence and may only review for errors in applying these facts to the relevant law.
 {¶ 27} In Cunnane-Gygli v. MacDougal, 11th Dist. No. 2004-G-2597,2005-Ohio-3258, appellant wife was unable to take issue with the magistrate's findings on appeal because she failed to provide the trial court with the necessary transcript of hearing conducted before the magistrate. The magistrate's factual determinations were presumed to be correct. Nevertheless, the trial court was still obligated to review the magistrate's decision to determine whether there was an error of law on the face of the decision. Civ.R. 53(E)(4)(a).
 {¶ 28} In the instant matter, Appellant argues that the trial court erred in adopting the magistrate's decision as it pertained to five specific fact-based determinations related to payments he was ordered to make. In each, the magistrate based these orders on facts gleaned from evidence and testimony at hearing. In order to fully analyze Appellant's arguments the trial court was required to review the *Page 7 
testimony given at the hearing and the evidence submitted as it pertained to these issues.
 {¶ 29} Notwithstanding Appellant's failure to submit a transcript to the trial court and our inability to accept or review the transcript he improperly attempts to file to this Court, our necessarily limited review of the January 24, 2006, magistrate's findings of fact reveals numerous reasons to support its decision. It reveals in part:
 {¶ 30} "20. [Appellant] withdrew $9,000 from the parties' joint account in November of 2003 and prior to the filing of the divorce. The withdrawal was taken in cash, without [Appellee's] knowledge and kept at [Appellant's] mother's home under [Appellant's] exclusive control. There were no receipts or records offered to substantiate where the money went.
 {¶ 31} "* * *
 {¶ 32} "23. [Appellant] has not made any efforts to refinance the mortgage debt or to get pre approved for financing. In fact, the subsequent filing with this Court of notice of the foreclosure complaint indicates that the [Appellant] was not maintaining the mortgage payments during the pendency of this action.
 {¶ 33} "24. In February, 2005, [Appellant] unilaterally took the Villager van out of [Appellee's] possession and has not taken any steps to sell the Villager.
 {¶ 34} "25. There is a past due cellular telephone bill in the approximate amount of $800 for a phone that was used by the parties and the children. The bill is in the [Appellee's] name.
 {¶ 35} "26. [Appellant] is not credible. [Appellant] has been extraordinarily difficult during these proceedings and he continues to do whatever he can to punish, *Page 8 
intimidate, and ruin the [Appellee]. [Appellant] has been belligerent with the Court, counsel and the Guardian Ad Litem. [Appellant] is driven to destroy the [Appellee]." (Jan. 24, 2006 Magistrate's Decision, p. 2.)
 {¶ 36} Appellant's arguments on appeal do not direct this Court's attention to any alleged errors of law or other defect on the face of the trial court's decision. Civ.R. 53(E)(4)(a). As earlier stated, Appellant's arguments are entirely fact-based. A review of the magistrate's decision reveals that it is free from apparent legal errors. Accordingly, the trial court did not abuse its discretion in adopting the magistrate's decision. Because we are unable to review Appellant's assignment of error without a transcript, we must overrule this assignment. The trial court's decision is hereby affirmed in full.
Vukovich, J., concurs.
DeGenaro, P.J., concurs. *Page 1