HALL, Appellee,

v.

JOHNSON et al., Appellants.

[Cite as *Hall v. Johnson* (1993), 90 Ohio App.3d 451.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920452.

Decided Sept. 15, 1993.

*Hardin & Hill, Donald E. Hardin* and *Stephen S. Lazarus,* for appellee.

*Fay D. DuPuis,* City Solicitor, and *Mark S. Yurick,* for appellants.

*Per Curiam.*

Joseph F. Hall was dismissed from the city of Cincinnati's Department of Safety, Fire Division for using cocaine. Fire fighter Hall appealed to the Cincinnati Civil Service Commission ("CSC"), which affirmed his dismissal. When Hall appealed that decision to the Hamilton County Court of Common Pleas, it reversed the dismissal and ordered Hall to be reinstated and awarded monetary damages. In this appeal, appellant, CSC, claims that the common pleas court erred when it (1) conducted a trial *de novo* on Hall's dismissal, (2) did not employ the standard of review of preponderance of the evidence, (3) determined that evidence presented at the CSC hearing was questionable and improperly authenticated, and (4) ordered that Hall be reinstated and reimbursed for all back pay and lost benefits. The assignments of error are not well made.

At approximately 8:30 p.m., November 22, 1988, Hall began his fire-fighter duties inspecting businesses in Cincinnati for possible safety-code violations. Hall did not complete those assignments. He remembers almost nothing about the next fourteen hours except that at 10:30 a.m., November 23, he awoke from sleeping in his car parked on Pete Rose Way. When Hall reported to his superiors that he had no recollection of the night's events, he agreed to take a drug-screening test. The results of that test on November 23 showed that Hall had cocaine in his urine. On a subsequent November 29 test, Hall's urine did not

show cocaine. In a third test on November 30, however, Hall again tested positive for cocaine. As a result of those drug tests, Hall was dismissed from his position with the city of Cincinnati.

■ In CSC's first assignment of error, it claims that the trial court erred by conducting a R.C. 124.34 trial *de novo* on the merits of Hall's dismissal. On the contrary, when a police officer or fire fighter appeals his or her dismissal, R.C. 124.34 controls, and the appellant is entitled to a new trial by the court of common pleas on questions of law and fact. See, generally, *Chupka v. Saunders* (1986), 28 Ohio St.3d 325, 327, 28 OBR 393, 394, 504 N.E.2d 9, 10; *Cincinnati v. Chase* (Dec. 23, 1992), Hamilton App. No. C–910808, unreported, 1992 WL 389133. The first assignment of error is overruled.

■ In the closely related argument of the second assignment of error, CSC claims that the trial court employed the incorrect standard of review. Appellant maintains that the court erred by reversing Hall's dismissal when CSC's decision was supported by the preponderance of substantial, reliable, and probative evidence. In a trial *de novo*, the court of common pleas considers that evidence anew; it does not review the administrative decision as if on appeal. *Chupka, supra*, 28 Ohio St.3d at 327–328, 20 OBR at 394–395, 504 N.E.2d at 11. Consequently, even if the dismissal was supported by the preponderance of substantial, reliable, and probative evidence, the trial court was free to substitute its own judgment and reverse CSC's decision. *Id.* Therefore, the second assignment of error is overruled.

■ In the third assignment of error, CSC raises a general weight-of-the-evidence argument. When the court of appeals examines the trial court's R.C. 124.34 decision, its standard of review is the same as in any civil appeal. *Chase, supra*. Therefore, on weight-of-the evidence issues, the court of appeals will not reverse the trial court if its decision was supported by "competent, credible evidence going to all the essential elements of the case." *Id.*, citing *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

■ Concerning the evidence in this case, CSC claims that the trial court erred when it determined that the toxicology reports that showed cocaine in Hall's urine were highly questionable. Administrative Regulation No. 59 governs the procedure to be used when Cincinnati employees are tested for drug abuse. The regulation requires that the employee be tested under the following conditions: in a hospital gown, in a private restroom, with the water to the sink turned off, and with the water in the commode colored with dye.

Hall's unrefuted testimony indicated that none of these precautions was taken during his November 23 test. As a consequence, there was competent, credible

evidence to support the trial court's finding that the toxicology reports were questionable.

Next, appellant maintains the trial court erred when it concluded that the city had not established by the preponderance of the evidence a legally sufficient chain of custody of the urine samples and laboratory tests. Exhibits are properly authenticated when there is evidence "sufficient to support a finding that the matter in question is what the proponent claims." Evid.R. 901(A). When an item is sufficiently authenticated to be admissible, but the chain of custody remains doubtful, the possibility that the exhibit may be misleading is an issue of weight of the evidence. *State v. Richey* (1992), 64 Ohio St.3d 353, 360, 595 N.E.2d 915, 923; *State v. Jackson* (Mar. 21, 1990), Hamilton App. No. C–880739, unreported, 1990 WL 29751. Concerning the chain of custody of the urine samples, Administrative Regulation No. 59 specifies that before an employee is tested, the urine container must be prelabeled to show the employee's name, the date, and the time when the samples were collected. In addition, when the employee returns the container, the regulation requires that the sample be sealed in his or her presence.

In this case, the urine samples have been destroyed. In addition, Hall's testimony indicates that none of these chain-of-custody measures were taken during the November 23 examination. Therefore, there is competent, credible evidence to support the judge's finding that there was not a legally sufficient chain of custody regarding the urine samples and laboratory tests. The assignment of error is overruled.

In its fourth assignment of error, appellant claims that the trial court erred by ordering Hall reinstated with back pay and lost benefits. Because the trial court "may affirm, disaffirm, or modify" CSC's decision, this assignment of error is reviewed under the abuse-of-discretion standard. R.C. 124.34; *Worrell v. Multipress, Inc.* (1989), 45 Ohio St.3d 241, 246, 543 N.E.2d 1277, 1282; *Mihailoff v. Ionna* (May 6, 1987), Hamilton App. No. C–860040, unreported, 1987 WL 10889. An abuse of discretion is more than an error of law; it is an action that is "unreasonable, arbitrary or unconscionable." *Pembaur v. Leis* (1982), 1 Ohio St.3d 89, 91, 1 OBR 125, 127, 437 N.E.2d 1199, 1201. An action is unreasonable when there is no sound reasoning process to support the judge's decision. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597, 601.

When an employee is wrongfully discharged, reinstatement, back pay, and lost benefits are proper remedies to make the injured party whole. See, generally, *State ex rel. Baran v. Fuerst* (1992), 65 Ohio St.3d 413, 414, 604 N.E.2d 750, 751 (reinstatement, back pay); *Collini v. Cincinnati* (1993), 87 Ohio App.3d

553, 622 N.E.2d 724 (lost benefits in employment remedies generally). Consequently, the trial judge did not abuse his discretion by ordering Hall to be reinstated and awarding back pay and lost benefits. The fourth assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KLUSMEIER, P.J., DOAN and M.B. BETTMAN, JJ., concur.