Please note: we have sua sponte removed this case from the accelerated calendar.
 OPINION
In 1992, plaintiff-appellant Daniel Walsh was arrested in Kentucky for attempted sexual abuse, a charge that was later dismissed. In May 1997, Walsh, who was then a city of Cincinnati police recruit, was failed on probation, or discharged According to his superiors, he was discharged for failing to disclose the attempted-sexual-abuse arrest when he had applied to become a police recruit. Walsh appealed to the Cincinnati Civil Service Commission (CSC), which affirmed the discharge. He then appealed to the Hamilton County Court of Common Pleas. After a de novo
bench trial, which the court held was permitted under R.C. 124.34, the court granted judgment in favor of defendants-appellees city of Cincinnati, John Shirey, and Michael Snowden. (The defendants-appellees had argued to the trial court that a de novo
trial was not permitted for police recruits such as Walsh. That issue, though, is not addressed here) now appeals, asserting two assignments of error. In his first assignment, he argues that, when he was recruited, a CSC policy existed that allowed the police to question recruits about convictions, but not about arrests. He claims that, since the police were not allowed to ask about arrests in the first place, he should not have been discharged for allegedly failing to disclose one. The evidence presented at trial, though, revealed that the policy alleged by Walsh may not have existed, or at least may not have been effectively communicated to the police. Carole Callahan, a CSC representative, stated that the CSC was responsible for supervising the police-application process. But she admitted that no written directive or policy regarding inquiries about arrests was ever given to the police. Callahan claimed that various representatives from the police department had been made aware of the policy, but none of the police involved with Walsh's discharge stated that they had been aware of it. In fact, the police testified that they believed that, although they could not disqualify a recruit based on prior arrests alone, they could at least ask about arrests in the recruiting process
In view of the evidence, the trial court recognized that the police might not have been informed of the policy: "And I am very disturbed about the haphazard way that the City of Cincinnati operated, * * * when they let an entire division * * * ask a question which was forbidden to be asked by anyone else and that they should have known shouldn't be asked". The court, though, stated that the real issue in the case was Walsh's honesty: "But the basic issue here is not whether the question is proper or improper, whether they should have asked it or not asked it. The issue here is they asked it, and was [Walsh] truthful." Because the court concluded that Walsh had deliberately failed to disclose his arrest for attempted sexual abuse, it held that the police had just cause to discharge him.
We agree with the trial court's analysis. If the CSC had clearly communicated to the police that recruits were not to be asked about arrests, then this case would be more difficult. But, considering that the police apparently were not aware that they could not ask Walsh about his arrest, we agree that the central issue was Walsh's honesty, and we can not fault the police for discharging Walsh when they concluded that he had deliberately failed to disclose his prior arrest.[1] We overrule the first assignment.
In his second assignment, Walsh asserts that the trial court's conclusion that he had failed to disclose his arrest was against the manifest weight of the evidence. He claims that he specifically disclosed the arrest twice during the recruiting process, once during a polygraph test and once during an in-home interview. In deciding manifest-weight issues, our review of a trial court's R.C. 124.34 decision is the same as in any civil appeal. That is, we are not to reverse the trial court if its decision was supported by "competent, credible, evidence going to all the essential elements of the case"[2]. Applying that standard, we must affirm the decision in this case.
To begin, the person who administered the polygraph test, Robert Boone, stated that Walsh had only vaguely discussed being arrested and had never told him what the arrest had been for. More importantly, Officer Carmen Young, the recruiter who conducted Walsh's in-home interview, testified that she specifically asked Walsh about prior arrests and that he did not mention the one for attempted sexual abuse. Officer Young, an experienced recruit investigator, explained that if Walsh had mentioned the arrest, she definitely would have noted it and investigated further. But, in her notes taken during the interview, there was no mention of it. Officer Young testified that she explained to Walsh, as she did to all applicants, that it was imperative for him to tell the truth. On each page of her "Home Interview Questionnaire," where she took her notes, she asked him to sign a statement confirming that his responses, as recorded by her, were "true and accurate". He signed each page, including the one regarding arrests, where there was no mention of the attempted-sexual-abuse arrest.
In view of this evidence, we hold that it was reasonable for the court to conclude that Walsh did not disclose the arrest. The trial court was in the best position to weigh the credibility of the witnesses, and we cannot say that its conclusions were against the manifest weight of the evidence. While one or more of us may have reached a different conclusion were we hearing the case as a finder of fact, our limited standard of review requires us to defer to the trial court's interpretation of the evidence Walsh's second assignment is overruled.
Therefore, the judgment of the trial court is affirmed.
Judgment affirmed
 Hildebrandt, P.J., and Gorman, J., concur
Please Note: The court has placed of record its own entry in this case on the date of the release of this Opinion.
[1] See R.C. 124.34(A) (regarding "dishonesty" as grounds for discharge).
[2] Hall v. Johnson (1993), 90 Ohio App.3d 451, 454,629 N.E.2d 1066, 1068 (quoting CE Morris Co v. Foley Constr Co [1978],54 Ohio St.2d 279, 376 N.E.2d 578, syllabus).