OPINION
{¶ 1} Appellant/cross-appellee, Phillip E. Brewer, appeals from the Clinton County Court of Common Pleas' decision affirming the city of Wilmington Municipal Civil Service Commission's order reducing him in pay and position from fire chief to assistant fire chief, for assisting in the falsification of city records. Brewer argues that the trial court abused its discretion by finding that there was probative, reliable and substantial evidence to demonstrate that he assisted in the falsification of city records. Appellee/cross-appellant, David L. Raizk, Mayor for the city of Wilmington, cross-appeals from the same decision, arguing that the trial court abused its discretion by affirming the commission's decision to vacate his order removing Brewer as fire chief, and to reduce Brewer in position and pay, instead. Alternatively, Raizk argues that the trial court abused its discretion by vacating the portion of the commission's order restricting Brewer from seeking promotion to the position of fire chief for 180 days.
 {¶ 2} In September 2001, Raizk removed Brewer from his position as fire chief for assisting one of the city's part-time firefighters, Shawn Hodge, in falsifying city payroll records. Raizk also found that Brewer had made false claims or misrepresentations in an attempt to obtain a city benefit.
 {¶ 3} Brewer appealed the removal order to the city of Wilmington Municipal Civil Service Commission. After holding an evidentiary hearing, the commission found that Brewer did, in fact, assist Hodge in falsifying payroll records, but did not attempt to obtain any city benefit from doing so. Consequently, the commission modified Brewer's removal as fire chief to a reduction in pay and position to assistant fire chief. The commission also restricted Brewer from seeking a promotion to fire chief for 180 days, finding that to do otherwise would render Brewer's demotion "illusory."
 {¶ 4} Both Raizk and Brewer appealed the commission's order to the Clinton County Court of Common Pleas. After the parties filed briefs, the trial court upheld the commission's order except for its decision to restrict Brewer from seeking a promotion to fire chief for 180 days. The trial court vacated the restriction after concluding that it was "unreasonable and unsupported by a preponderance of substantial, reliable and probative evidence."
 {¶ 5} Brewer appeals, and Raizk cross-appeals, from the trial court's decision.
 {¶ 6} Brewer's sole assignment of error states:
 {¶ 7} "The Trial Court Erred In It's (sic) Application Of ORC Section 124.34 To The Undisputed Facts When It Found That The Commission's Recommendation To Demote Brewer Was Supported By A Preponderance Of Substantial, Reliable And Probative Evidence."
 {¶ 8} Brewer argues that the trial court abused its discretion by affirming the commission's decision to demote him from fire chief to assistant fire chief because there was insufficient evidence presented showing that he was guilty by a preponderance of the evidence of any of the grounds for imposing discipline set forth in R.C. 124.34. We disagree with Brewer's argument.
 {¶ 9} Pursuant to R.C. 124.34(A), a fire chief can be removed, suspended, fined or reduced in position or pay for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, any other failure of good behavior, any other acts of misfeasance, malfeasance, or nonfeasance in office, or conviction of a felony. Administrative and judicial review of the fire chief's suspension, demotion or removal is governed by R.C. 124.34(C). Under that section, the municipality's appointing authority must furnish the chief with a copy of the order of suspension, fine, demotion or removal, which states the reasons for the disciplinary action taken. Id. The chief may appeal the order to the municipal civil service commission, which may affirm, disaffirm or modify the appointing authority's decision. Id. The chief may then appeal the commission's order on questions of law and fact to the court of common pleas in the county in which the city is located. Id.
 {¶ 10} Because the trial court may affirm, disaffirm, or modify the commission's decision, the trial court's decision is reviewed under the abuse of discretion standard. Hall v. Johnson (1993),90 Ohio App.3d 451, 455. A trial court abuses its discretion when its decision is unreasonable, arbitrary or unconscionable. Id. A decision is unreasonable when there is no sound reasoning process to support it. Id.
 {¶ 11} In this case, the evidence showed that Brewer advised and authorized part-time firefighter Hodge to falsify his payroll records. The incident stemmed from Hodge's performance of some work in connection with the city's campaign to recruit part-time firefighters. Hodge performed the work while he was on disability leave for an injury he sustained while working for his private-sector employer, Aramark. When Linda Eichelberger, the administrative assistant for the mayor and city council, learned of Hodge's work, she told him that, under federal law, he could not work for the city as a volunteer, but instead had to be paid. Eichelberger told Hodge to keep track of his hours and submit them to the city for payment. Hodge recorded the hours he worked on his home calendar, but did not submit them to the city for payment during the pay periods in which he performed the work, due to his concern that Aramark would find out about the work and disapprove of it, since he was subject to certain physical restrictions while he was on disability leave.
 {¶ 12} Upon learning that Aramark was not concerned about the work he was performing for the city, Hodge sought payment from the city for the hours he had worked for the fire department. Hodge compiled a summary of the hours he worked on a time card and submitted it to Brewer's secretary, Carla Reed. After reviewing the time card, Reed took it to Brewer and told him that the card was "illegal" and "didn't look right." Brewer instructed Reed to take the card to Eichelberger for her signature. Eichelberger refused to sign the document because it was not properly filled out; she called Brewer and informed him of her decision.
 {¶ 13} Brewer returned the time card to Hodge and instructed him to resubmit the hours "to look like it was the present time card" and not to submit "more than probably * * * a hundred hours at a time." Acting pursuant to Brewer's instructions, Hodge submitted time cards for the months of May, June and July of 2001, showing that he had worked more than 300 hours during those months, when, in fact, the work had been performed in previous months. Furthermore, because Hodge had moved into a higher wage rate for the period in which he claimed to have performed the work, the city overpaid Hodge about $95.
 {¶ 14} Following an investigation, Brewer was charged with several disciplinary offenses, culminating in Mayor Raizk's decision to remove him from the position of fire chief, which was subsequently modified by the commission to a reduction in pay and position. Hodge served a 90-day, unpaid suspension for his role in the incident.
 {¶ 15} Brewer's advising and assisting Hodge in the falsification of city payroll records provided grounds for imposing discipline upon him pursuant to R.C. 124.34. Brewer's acts amounted to, among other things, dishonesty, failure of good behavior, malfeasance, misfeasance or nonfeasance.[1]
 {¶ 16} Brewer has not, and cannot, seriously challenge the allegation that he knowingly assisted in the falsification of city records. Instead, Brewer essentially argues that there are mitigating circumstances that should have reduced any discipline he received for his assistance in falsifying records to, at most, a reprimand. In support of this contention, Brewer points out that he has a record of 29 years of service with the city's fire department; that he did not personally benefit from assisting in the falsification of the city's payroll records; and that the commission and trial court determined that Hodge actually worked the hours he submitted for payment. Brewer also contends that he was the victim of retaliatory action taken by Mayor Raizk as a result of their disagreement over the selection of a supplier for the city's fire equipment. Brewer further argues that he did not receive the benefit of progressive discipline. We find these arguments unpersuasive.
 {¶ 17} The commission reduced Brewer's punishment from removal as fire chief, to a reduction in pay and position to assistant fire chief. The trial court upheld this part of the commission's decision and reduced Brewer's punishment even further by vacating the 180-day restriction the commission had placed upon him from seeking promotion to the fire chief position. Thus, the trial court obviously considered the mitigating factors that Brewer raises in his appeal.
 {¶ 18} Furthermore, Brewer's actions in advising and assisting Hodge in falsifying city payroll records were not as "innocuous" as Brewer claims. For instance, Brewer's advising Hodge to falsify city payroll records led to Hodge's being disciplined for his role in the falsification of the city's payroll records. And Brewer's secretary, Reed, was placed in the unenviable position of having to choose between processing fraudulent payroll records and ignoring the instructions of her supervisor, Brewer.
 {¶ 19} Under these circumstances, the trial court did not abuse its discretion in upholding the commission's finding that Brewer should be reduced in position and pay to assistant fire chief.
 {¶ 20} Brewer's assignment of error is overruled.
 {¶ 21} Raizk's sole assignment of error on cross-appeal states:
 {¶ 22} "The Trial Court Erred In Affirming The Decision Of The Wilmington Municipal Civil Service Commission To Modify The Removal Of Appellee Phillip Brewer As Chief Of The Fire Department For The City Of Wilmington To A Reduction In Position To Assistant Chief."
 {¶ 23} Raizk argues that the trial court abused its discretion by affirming the commission's decision to modify Brewer's punishment from removal as fire chief to a reduction in pay and position to assistant fire chief, and by reversing the commission's imposition of a 180-day restriction on Brewer from seeking promotion to the position of fire chief. We disagree with this argument.
 {¶ 24} The trial court's decision to affirm the commission's decision modifying Brewer's removal as fire chief to a reduction in position and pay to assistant fire chief was not an abuse of discretion for the same reasons previously outlined in our response to Brewer's assignment of error. Although assisting in the falsification of city records is a serious offense, there were obvious mitigating factors present in this case, including the length of Brewer's service to the city, the fact that Brewer received no personal benefit from his actions, and the fact that Hodge actually worked the hours for which he sought payment.
 {¶ 25} Additionally, we conclude that the trial court did not abuse its discretion by substituting its judgment for that of the commission when it vacated the portion of the commission's order restricting Brewer from seeking promotion to the position of fire chief for 180 days. An appeal to a common pleas court on questions of law and fact from a municipal civil service commission's decision, taken pursuant to R.C. 124.34(C), is a trial de novo. See Cupps v. Toledo (1961),172 Ohio St. 536, paragraph two of the syllabus (referring to R.C. 124.34's predecessor statute, R.C. 143.27). In a trial de novo, the common pleas court may "substitute its own judgment on the facts for that of the commission, based upon the court's independent examination and determination of conflicting issues of fact." Chupka v. Saunders (1986),28 Ohio St.3d 325, 327, quoting Newsome v. Columbus Civ. Serv. Comm.
(1984), 20 Ohio App.3d 327, 329. "The `trial,' in a trial de novo, is the `independent judicial examination and determination of conflicting issues of fact and law, notwithstanding the evidence before the appellate court consists of the record of the proceedings in the lower tribunal.'"Chupka at 327, quoting Lincoln Properties v. Goldslager (1969),18 Ohio St.2d 154, paragraph one of the syllabus. "The trial is not necessarily' * * * a second event where the witnesses personally reappear and reaffirm or respeak their previous testimony. * * *'" Chupka
at 327-328, quoting Lincoln Properties at 161.
 {¶ 26} Allowing Brewer to take the fire chief examination without any restriction as to when he can take it does not render the commission's decision to reduce Brewer in position and pay "illusory" as Raizk contends. Brewer has to go through the process of re-taking the fire chief exam, and has to take the risk that he may be outscored by another applicant for the position. Furthermore, there were mitigating factors in this case. As we have already mentioned, Brewer is a 29-year veteran of the city's fire department, and he received no personal benefit from falsifying the city's payroll records. Furthermore, as the trial court noted in its findings of fact, there was evidence showing that there were feelings of ill will between Raizk and Brewer over the issue of what brand of fire equipment the city should purchase. It was not unreasonable for the trial court to find that Brewer's and Raizk's negative relationship may have influenced Raizk's decision to remove Brewer, rather than impose a lesser sanction for his misconduct. Finally, Eichelberger testified that she told Brewer only that Hodge had filled out his time cards incorrectly; however, she never told Brewer specifically what Hodge needed to do in order to fill out the time cards correctly. While we agree with the commission that Brewer, in light of his experience, should have known better than to advise Hodge to falsify his time cards, a review of all of the circumstances of this case demonstrates that the trial court did not act unreasonably in vacating the portion of the commission's decision imposing a 180-day restriction on Brewer from seeking promotion to the fire chief position.
 {¶ 27} Raizk's assignment of error is overruled.
 {¶ 28} The trial court's judgment is affirmed.
WALSH, P.J., and YOUNG, J., concur.
[1] "Malfeasance" is "[a] wrongful or unlawful act; esp., wrongdoing or misconduct by a public official." Black's Law Dictionary (7th Ed. 1999) 968. "Misfeasance" is "[a] lawful act performed in a wrongful manner." Id. at 1015. "Nonfeasance" is "[t]he failure to act when a duty to act existed." Id. at 1076.