JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendants-appellants Barbara Siegel and the St. Bernard Civil Service Commission (together, "the commission") appeal the trial court's determination that plaintiff-appellee Brian Wurster's termination from the St. Bernard Fire Department was unlawful. We affirm.
In 2002, St. Bernard discovered that Wurster, then a captain, had paid himself an annual paramedic stipend of $3,000. Wurster was the acting fire chief at the time because Chief James Dwertman was taking his remaining vacation before retiring. Dwertman had a policy that prohibited captains from receiving the paramedic stipend. Upon becoming acting fire chief, Wurster changed the policy and submitted his name for the paramedic stipend, which he received.
The city heard about Wurster's stipend and began an investigation. During the investigation, it also discovered that Wurster had paid himself overtime for hours he may not have actually worked. The city fired him.
Wurster appealed to the commission. After a hearing, the commission unanimously affirmed St. Bernard's decision to terminate Wurster's employment. Wurster then appealed to the Hamilton County Common Pleas Court. The trial court referred the matter to the magistrate. The magistrate issued a decision that called for the reversal of the commission's decision and for Wurster's full reinstatement. The commission objected, but the trial court adopted the magistrate's decision. (We refer to the magistrate's decision that the trial court adopted simply as "the decision.")
In this appeal, the commission assigns only one error: that the trial court erred in finding that the commission's decision to uphold Wurster's termination was not supported by a preponderance of substantial, reliable, and probative evidence.
The standard of review is dispositive here. A decision of a municipal civil service commission is appealable to a common pleas court under R.C. 124.34. In such an appeal, the burden is on the appointing authority (here, the commission) to prove its charges by a preponderance of the evidence.[1] This is a de novo review of both questions of law and fact.[2] Thus the trial court is free to substitute its own judgment even if the dismissal was, on the agency's record, supported by substantial, reliable and probative evidence.[3]
But in an appeal to this court on weight-of-the evidence issues, we may reverse only if the trial court's decision was not supported by competent, credible evidence.[4] Because this is a much narrower review than that afforded the trial court, we must affirm on the state of this record.
The commission now points to five issues of fact that supposedly demonstrate the trial court's error: (1) Wurster was not entitled to the paramedic stipend; (2) Wurster could not have validly changed the paramedic-stipend policy because he did not comply with proper procedures; (3) Wurster attempted to cover up his actions; (4) Wurster requested and received payment for overtime hours that he did not work; and (5) Wurster was dishonest in his paramedic documentation.
But the decision below addressed each of these issues.
The decision noted that in order to be eligible for paramedic pay, one must (A) have completed the paramedic training program, (B) be a certified paramedic, and (C) be assigned to paramedic duties. Even though Wurster had gone on only three paramedic runs during the period in question, the magistrate's decision stated that the evidence demonstrated that he was entitled to the paramedic stipend, had changed the policy while acting as fire chief, and had merely tried to keep his stipend quiet — not to cover it up.
And the decision also states that St. Bernard failed to meet its burden of proof by a preponderance of the evidence that Wurster had violated any standard of conduct with regard to the last three issues. The decision specifically noted that St. Bernard's documents that were supposed to prove the overtime violations contained discrepancies similar to the ones that Wurster allegedly had made, so it would be unfair to punish him. And the decision stated that no evidence was presented that Wurster had not actually worked the hours that he had claimed.
There is no doubt that there was evidence in both parties' favor. But because there was competent, credible evidence supporting the trial court's decision, we must overrule the commission's sole assignment of error.
Accordingly, we affirm the trial court's judgment. Further, a certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.
[1] See Wright v. Cincinnati (Jan. 17, 1996), 1st Dist. No. C-950221, citing Chupka v. Sanders (1986), 28 Ohio St.3d 325,504 N.E.2d 9.
[2] Resek v. Seven Hills (1983), 9 Ohio App.3d 224,459 N.E.2d 566.
[3] Hall v. Johnson (1993), 90 Ohio App.3d 451,629 N.E.2d 1066.
[4] Hall v. Johnson (1993), 90 Ohio App.3d 451,629 N.E.2d 1066; C.E. Morris Co. v. Foley Constr. Co., 54 Ohio St.2d 279,376 N.E.2d 578.